## ROBINSON et al. v. THOMAS et al.

(Supreme Court, Appellate Division, First Department. March 19, 1909.)

1. PLEADING (§ 238*)—AMENDED PLEADINGS—LEAVE OF COURT—APPLICATION.

> Leave to serve an amended complaint will not be granted, unless the proposed amended complaint is submitted to the court with the motion papers.
>
> [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 621; Dec. Dig. § 238.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PARTIES (§ 54*)—BRINGING IN NEW PARTIES.

Before additional parties can be brought in, an amended or supplemental summons must be issued; leave to do so being first obtained.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 85; Dec. Dig. § 54.*]

Appeal from Special Term, New York County.

Action by Mary C. Robinson and others against Edward R. Thomas and others. From an order granting plaintiffs leave to serve an amended complaint, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and SCOTT, JJ.

Richard A. Irving, for appellants.
Charles S. Taber, for respondents.

INGRAHAM, J. The original plaintiff in this action died, and his executors made an application to revive the action and continue it in the name of his executors. The order on that motion permitted the plaintiffs to serve an amended complaint. Upon appeal to this court that order, so far as it permitted the plaintiffs to serve an amended complaint, was reversed upon several grounds. One ground was that the proposed amended complaint was not made part of the moving papers, and another was that it was stated that a demurrer had been sustained to the complaint because of a defect of parties, and that defect could only be cured by amending the summons. See 123 App. Div. 412, 107 N. Y. Supp. 1110. The time to serve that complaint under the order was extended from time to time until January 9, 1908. On the 10th of January, 1908, the decision of this court was announced, affirming the order in so far as it revived the action, and striking out the portion giving the plaintiffs further time to serve the amended complaint. After that order was thus modified, the plaintiffs served the amended complaint allowed by the order; the provisions of which, allowing the service of an amended complaint, had been reversed. They attempted to make other persons parties to the action without procuring an amendment to the summons, and this amended complaint was returned by counsel for the defendants.

It is evident that the plaintiffs have not understood the decision of this court, and it would seem that the judge making the order appealed from has also failed to understand it. What was there held was that the only way in which additional parties could be brought in was by service of an amended or supplemental summons, and that before leave to file an amended complaint would be granted the proposed amended complaint must be submitted with the motion papers asking for such leave to the court. What the court below does in the order appealed from is to open a default on the plaintiffs failing to serve an amended complaint under the order granting such leave, which order was reversed. This court on the former appeal expressly said that before leave would be granted to serve an amended or supplemental complaint the proposed amended or supplemental complaint must be submitted with the motion papers, and that before additional parties

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

could be brought in an amended or supplemental summons must be issued; leave to do so having been first obtained. The moving party has ignored the directions of this court given on the former appeal.

It follows that this order is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.