HANS MEIER, Appellant, *v.* ALFRED S. HOLMES, Respondent.

*Per Curiam.* The plaintiff brings this action to compel an accounting by the defendant for money and assets of Gesa Co., Inc., that have allegedly come into his hands. Gesa is a domestic corporation, which owned a cafe in the city of New York, and the business was recently sold. The parties to the action are stockholders, officers and directors of the corporation. Though the corporation has not been dissolved, the plaintiff has failed to join it as a defendant in the action. Nevertheless, the plaintiff claims that the cause of action alleged in the complaint is derivative and has been brought pursuant to sections 60 and 61 of the General Corporation Law. Necessarily on the allegations of the complaint and accounting asked, the action is derivative. The Special Term treated it as such.

The defendant has served an answer in which he purports to amend the title of the action by inserting the name of the corporation as a defendant "brought in as a party to answer the counterclaim herein." The counterclaim is asserted "against plaintiff and against Gesa Co., Inc. made a party defendant herein", and demands that the plaintiff account for corporate moneys and assets alleged to have come into his possession.

The plaintiff moved, *inter alia,* to dismiss the counterclaim as one not properly interposed in the action. It is argued that the plaintiff is suing in a derivate capacity and, therefore, not subject to counterclaim against him as an individual. The Special Term, however, denied the motion on the ground that since there was to be an accounting of the corporate affairs, the plaintiff should account at the same time.

The principal difficulty is that the corporation, which must be the beneficiary of any accounting *against both parties,* is not a party to the action. While defendant has not moved in reference to the complaint, we are required to examine the complaint in considering the counterclaim and must find that it is lacking in not including an indispensable party. That deficiency cannot be remedied, as defendant has attempted to do, by simply inserting the name of the corporation as an additional party in his answer. He must move in the first instance for the addition of the corporation as a party (*Carruthers* v. *Waite Mining Co.,* 306 N. Y. 136).

The order appealed from should be reversed and the motion should be granted, with leave to the defendant (1) to move to bring in the corporation as an indispensable party and to compel plaintiff to serve an amended complaint asserting a derivative action and (2) to serve an amended answer. The right to assert a counterclaim to compel plaintiff to account to the corporation may be determined if and when a new answer is served. Settle order.

Peck, P. J., Dore, Cohn, Callahan and Botein, JJ., concur.

Order unanimously reversed in accordance with the opinion herein. Settle order on notice.