Sam Alongi, Appellant, v. William G. Beuter, Defendant, and Felix Casaceli, Respondent.— Memorandum: This court held in Schaeffer v. Caldwell (273 App. Div. 263) that subdivision 1 of section 15 of the Vehicle and Traffic Law was not a statute which imposed absolute liability for its violation, regardless of negligence. We held that it was for the jury to determine whether the exercise of reasonable care would excuse observance of the statute. Unexcused omission to comply with the statute is negligence in itself. (Martin v. Herzog, 228 N. Y. 164.) In the

instant case, the said section was violated by the defendant. The brakes on his car were not in good working order and sufficient to control such vehicle when it was in use. Defendant's failure to comply with the statute could be excused by evidence that he had exercised reasonable care in an effort to comply. Here we have his statement that the collision was caused by reason of brake failure on his vehicle. There is no evidence as to what caused the failure or what the defect was in the brakes. Without information as to the cause of the brake failure, a jury could only speculate as to whether defendant had used reasonable care to correct the defect. It is our opinion that upon the meager evidence adduced by the defendant, a finding that defendant exercised such reasonable care sufficient to excuse his violation of the statute is against the weight of evidence. While there was no exception taken by the plaintiff, the court's charge does not appear to follow the rule in the *Schaeffer* case. It seems to indicate that there was some burden upon the plaintiff to establish that the defendant knew or ought to have known of the defective condition, if any, of the brakes. All concur, except Vaughan and Van Duser, JJ., who dissent and vote for affirmance. (Appeal from a judgment of Monroe Trial Term for defendant Casaceli for no cause of action in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.