■ JESSIE M. GLADDEN, Respondent, v. WILLIAM E. LOGAN et al., Individually and as Partners Doing Business under the Name of LOGAN & LOGAN, Appellants et al., Defendant.— Order entered September 20, 1965, denying an application to vacate a demand for a bill of particulars, unanimously reversed on the law and the facts, with $30 costs and disbursements to defendants-appellants,

and the motion is granted. In this action to recover damages for alleged malpractice by attorneys, the complaint alleged that the Logan firm retained defendant McCartney to aid in the prosecution and conduct of a negligence action brought by plaintiff. In the Logan answer, a cross claim was asserted against the codefendant McCartney, seeking judgment over against McCartney in the event plaintiff recovered against the Logans. Plaintiff's demand for a bill of particulars as to the allegations of the cross claim mainly included items concerning allegations therein which repeated allegations in plaintiff's complaint. The remaining three items demanded particulars of the allegations of the cross claim charging the codefendant with active negligence. The purpose of a bill of particulars is to amplify a pleading, to limit proof and to prevent surprise to an adverse party. As to the allegations of the cross claim which are repetitive of plaintiff's own allegations, plaintiff certainly does not require a bill of particulars. Proof of those allegations is part of plaintiff's case. As to the allegations directed to the alleged negligence of the codefendant, that is a matter solely between the defendants and is of no concern of plaintiff. The codefendant is the one who may be interested in amplification of the pleading, in limiting proof and preventing surprise at the trial. Consequently there was no basis for sustaining the plaintiff's demand for a bill of particulars of appellants' cross claim. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.