LEEWARD PELKEY, Appellant, v. RONALD J. KENT, Respondent.

Memorandum: Defend- ant, the owner of a panel truck with house trailer attached thereto, while attempt- ing to turn into a driveway became stuck in a snowdrift with a substantial part

of the trailer across the highway. Plaintiff operating his vehicle collided with the trailer at 9 o'clock of a December evening. Defendant on the day in question had been moving his family from Rochester to Woodgate — a distance in excess of 150 miles. The combined length of truck and attached trailer was 52 feet. Subdivision 4 of section 385 of Vehicle and Traffic Law on the date in question prohibited, with certain exceptions here immaterial, the operation or movement on a public highway of a combination of vehicles having a total length of more than 50 feet. Subdivision 15 of the same section provided, however, that the Superintendent of Public Works might issue a permit to move such a combination of vehicles although in excess of the prohibited dimension. Such permit might " contain any other restrictions or conditions deemed necessary by the superintendent." Defendant was in possession of such a permit dated December 27, 1962 and expiring on January 6, 1963. The permit included various restrictions including one that movement of the vehicle was limited to daylight hours only. The accident obviously happened some hours after darkness and the vehicles were being operated outside of the conditions of the permit and in violation of the statute prohibiting a combination of vehicles in excess of 50 feet to be operated on the public highway. All of these facts were proved on the trial but the subject was ignored by the trial court in its charge. Moreover, it refused requests to charge that such a violation of the statute would be negligence as a matter of law. Lastly, the jury returned two or three times and specifically asked about section 385 of Vehicle and Traffic Law, which the court had not mentioned but the jurors had found printed on the permit issued by the Superintendent of Public Works. The jury was summarily and repeatedly told that they did not have to concern themselves about that — that the section was something "you * * * need [not] be concerned about at all." This was error mandating a new trial. Once defendant operated the vehicles after dark he fell outside of the area of the protection of the permit and was in violation of the section prohibiting a combination of vehicles in excess of 50 feet to be operated on a highway. The statute defined the requisite safeguards and standard. Failure to observe the standard is negligence, as a matter of law (*Tedla* v. *Ellman,* 280 N. Y. 124, 130–131) and upon a jury finding that such violation was the proximate cause of the accident, liability would ensue. (Appeal from judgment and order of Herkimer Trial Term, dismissing complaint in a negligence action. Order denied motion for a new trial.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.