3 ANTHONY T. CATANESE, Doing Business as ANTHONY T. CATANESE ASSOCIATES, Respondent, v. HARRY LIPSCHITZ et al., Defendants, and ALBERT NENCETTI, Appellant.— In this action, *inter alia*, to recover a brokerage commission, defendant Nencetti appeals from an order of the Supreme Court, Westchester County, entered January 22, 1973, which denied his motion to dismiss the complaint, without prejudice and with leave to assert the Statute of Limitations as an affirmative defense in his answer. Order reversed, on the law, with $20 costs and disbursements, and motion granted. Plaintiff,

a licensed real estate broker, commenced the instant action in March, 1972 against the corporate defendant and its principals, without naming Nencetti as a party, claiming, *inter alia*, that he was entitled to recover a brokerage commission earned as a result of services rendered in a consummated real estate transaction in 1966. On November 14, 1972, a summons and an amended complaint were served upon defendant Nencetti, naming him as a party. The amended complaint included what was claimed to be a cause of action against Nencetti for fraud. Nencetti made the motion now under review, to dismiss the complaint as to him, on the grounds, *inter alia*, that the complaint failed to state a cause of action against him and that the Statute of Limitations had run. The opposing affirmation of plaintiff's attorney alleged that the complaint stated a proper cause of action in fraud and that, therefore, under CPLR 213 (subd. 9), the Statute of Limitations did not bar the action. He further asserted that, as a result of an examination before trial of one of the principals of the corporate defendant, he had discovered the fraud allegedly perpetrated by Nencetti and that within three months after the discovery thereof he served the amended complaint upon Nencetti, having first obtained the consent of the then existing defendants. There is nothing in the record to indicate that this action was taken after making an appropriate motion to add another party and to serve a supplemental summons. Nencetti objected to this procedure in his reply affidavit and indicated that he first learned of the manner in which he was made a party by the contents of the opposing affirmation of plaintiff's attorney. Special Term denied the motion, without prejudice and with leave to Nencetti to raise the defense of the Statute of Limitations in his answer. No reference to improper joinder was made by the court. The right to join parties to an action is " subject to the exercise by the court, in the interest of justice, of its discretionary powers " (*Sherlock* v. *Manwaren*, 208 App. Div. 538, 541). In this connection, CPLR 1003 provides the exclusive remedy for nonjoinder of parties. That section provides, *inter alia*, that " parties may be added or dropped *by the court, on motion* of any party or on its own initiative, at any stage of the action and upon such terms as may be just " (emphasis added). The statement of plaintiff's attorney, in his affirmation in opposition to the motion, as to the manner of bringing Nencetti into the action, would appear to constitute a judicial admission of noncompliance with the statute. What was required herein was leave to serve an amended or supplemental summons and complaint (*Robinson* v. *Thomas*, 131 App. Div. 894, 895; see *Meier* v. *Holmes*, 282 App. Div. 1030; cf. *Lohne* v. *City of New York*, 25 A D 2d 440). The failure to abide by appropriate procedure leads to the conclusion that Nencetti was improperly joined as a party defendant. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.