■ Carmine Petosa et al., Respondents, v City of New York et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an interlocutory judgment of the Supreme Court, Richmond County, dated October 22, 1975, which is in favor of plaintiffs, upon a jury verdict, after a trial limited to the issue of liability only. Interlocutory judgment affirmed, with costs. In the early morning hours of January 14, 1971, some time around 4:30 or 4:45 A.M., defendant Primo Lane, a foreman employed by the Department of Sanitation of the City of New York, was engaged in patrolling the roadway in and about the Staten Island Expressway. It had been snowing all night and Lane, who was driving a white departmental car, was looking for a snow plow so that he could instruct the driver to clear the exits and entrances of the expressway. Upon seeing a snow plow in operation on the opposite side of the highway, Lane signalled to the driver to stop and, according to his own testimony, pulled only partially off the highway so that half of his vehicle was still on the roadway. Lane got out of his car and walked over to the mall, between the eastbound and westbound lanes, to converse with the driver of the snow plow. As he reached the mall, he heard the impact of plaintiffs' vehicle

striking his parked car. Lane testified that the flashing lights of his car had been turned on and that they were "regular" flashing lights and not roof lights. Plaintiff Anthony Improta testified otherwise, claiming that no lights had been showing, and that, upon reaching the crest of a hill, he observed what looked like a pile of snow 50 or 60 feet ahead. Improta also stated that the expressway was not plowed; that he was following the tire tracks of cars that had passed through ahead of him; and that defendants' stopped vehicle was "in the path" in which he was driving. The jury was instructed to consider subdivisions 5 and 18-a of section 375 of the Vehicle and Traffic Law, relating to the display of lights and flashing signals by motor vehicles when stopped on the public highway. The trial court also read the language of section 1202 (subd [a], par 1, cl j), prohibiting the stopping or parking of a vehicle on an expressway, except in an emergency. The jury was further advised, pursuant to New York Pattern Jury Instructions (PJI 2:26), that if a violation of the statutes were found, it constituted negligence, since a standard of care other than that set forth in the statute may not be substituted. Counsel for the defendants had no requests to charge and excepted only to the trial court's "charging the Traffic Regulations and the Vehicle and Traffic Code, and particularly the Vehicle and Traffic Code as constituting negligence merely if there is a violation." The jury returned a verdict for the plaintiffs. On this appeal it is argued that it was error to charge section 1202 (subd [a], par 1, cl j) of the Vehicle and Traffic Law. Defendants contend that the foreman, Lane, was a person "actually engaged in work on a highway" within the meaning of subdivision (b) of section 1103 of the Vehicle and Traffic Law, and that he was therefore exempt from the operation of the statutes governing motorists generally. It is also argued that it was error to charge New York Pattern Jury Instructions (PJI 2:26) verbatim; that a violation of a traffic statute is but presumptive or prima facie on the issue of negligence, and is to be considered with all other facts and proof. Both points must be rejected. It is elementary that in order to preserve one's right to appeal from a given charge to the jury, one must object to the charge (CPLR 4017, 5501, subd [a], par 3). The objection must state the matter to which objection is being made *and the grounds for such objection.* A general objection is not sufficient where the correct charge might have been obtained by specifically calling to the trial court's attention the alleged error and the reason for such error (4 Weinstein-Korn-Miller, NY Civ Prac, par 4017.06). In the case at bar it is apparent that the objection to the charging of section 1202 (subd [a], par 1, cl j) of the Vehicle and Traffic Law was insufficient. No mention of subdivision (b) of section 1103 of the Vehicle and Traffic Law was made by counsel, and the trial court had no reason to believe that any special status was being claimed for the foreman, Lane. Nevertheless, even if a sufficient objection had been taken, subdivision (b) of section 1103 should not be construed to immunize supervisory personnel under the circumstances of this case. The subdivision "refers to those who build highways, repair or maintain them, paint the pavement markings, remove the snow, sand the pavement and do similar work" (NY Legis Doc, 1954, No. 36, p 34). It is clear that the Legislature intended to cover people actually engaged in work which requires them to be parked on the traveled portions of the highway. Furthermore, subdivision (b) of section 1103 was amended in 1974 and now provides that it "shall not relieve any person * * * while actually engaged in work on a highway from the duty to proceed at all times * * * with due regard for the safety of all persons" (L 1974, ch 223, § 1). The memorandum of the State Executive Department, Division of State Police, in support of the amendment, indi-

cates that the prior exemption was "most certainly pure oversight" (see McKinney's Session Laws of NY, 1974, p 1969). In light of these developments, no social policy would be served by construing the subdivision, as it stood prior to 1974, in the broad manner urged by·defendants. Nor is there any merit to defendants' attack on the trial court's verbatim reading of New York Pattern Jury Instructions (PJI 2:26). It is well settled that the unexcused violation of a statute *"is* negligence in itself" *(Martin v Herzog,* 228 NY 164, 168 [emphasis in original]; see, also, *Pelkey v Kent,* 28 AD2d 636; *Alongi v Beuter,* 286 App Div 990). The violation is " 'unexcused' " unless observance of a statute "would subject [one] to more imminent danger" (see *Tedla v Ellman,* 280 NY 124, 129, 131; see, also, New York Pattern Jury Instructions (PJI 2:27 and comment thereto), or unless the statute has been justifiably violated because of some emergency (see *Miller v Hine,* 281 App Div 387). Absent such circumstances, a charge as to "emergency" simply tends to confuse the jury (see *Miller v Hine, supra,* p 393). In the case at bar, there was no evidence that the foreman stopped his car on the highway because of any imminent danger or emergency. The charge given to the jury with respect to the effect of a statutory violation was therefore complete and sufficient. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.