Con G. Cholakis, J.
Plaintiff’s action is one for property damages sustained by him as a result of the alleged negligence of the defendants. Defendant Caridi raises in his answer, the affirmative defense of plaintiff’s contributory negligence and assumption of risk pursuant to CPLR article 14-A dealing with comparative negligence.
The plaintiff has served a demand for a bill of particulars upon the defendant Caridi requiring him to furnish a detailed statement of the acts, specific items or omissions constituting the contributory negligence claimed. In response to this demand, the defendant alleged that he "will rely upon the negligence of the plaintiff revealed by the evidence presented at the trial by all the parties and witnesses to the accident referred to in the complaint”.
The plaintiff has rejected this response as insufficient and has moved for an order directing the defendant to comply with the demand.
The issue before the court is whether or not a defendant is required to particularize the culpable conduct he raises as an affirmative defense under CPLR 1412. The answer is yes.
Pursuant to CPLR 1412 culpable conduct claimed in diminution of damages shall be an affirmative defense to be pleaded and proven by the party asserting the defense.
A party is required to serve a bill of particulars as to those matters for which he has the burden of proof. Thus, upon appropriate demand the defendant is required to particularize his affirmative defenses. (See Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 3041:6, p 626.)
The purpose of a bill of particulars is to amplify the pleading, limit the proof and prevent surprise at the trial. It enables the adverse party to get a more detailed picture of the claim or defense that confronts him. In furtherance of these objects the courts are quite liberal in requiring a party to furnish his adversary all necessary information to limit the scope of the evidence on the trial and to enable him to know definitely what he intends to claim under his pleading. (See *541 Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C 3041:2, p 622.)
In view of the foregoing the defendant C^ridi’s response to the plaintiff’s demand for a particularization of the defendant’s claim of negligence was entirely inadequate. To hold otherwise, would not be consistent with pleading practice or common sense. If the defendant has the opportunity to raise the plaintiff’s culpable conduct as an affirmative defense so as to reduce damages, then clearly the plaintiff should be entitled to know in what manner, it will be alleged, he was culpable.
While it appears from the pleadings that the defendant Caridi may not have witnessed the accident or incident which gave rise to the occurrence resulting in the plaintiff’s loss, he should however be able to set forth allegations of the plaintiff’s negligence based upon his investigation, police and accident reports and from whatever other sources he may have at his disposal. If, following the examination before trial or any other disclosure device he wishes to use, defendant discovers further matters involving the plaintiff’s alleged negligence, he may assert the same in a supplemental bill of particulars.
Upon review of the balance of the defendant’s bills of particulars, the cohrt finds no other objections to the same.
It is therefore the decision of this court that the defendant Caridi shall be directed to file a bill of particulars as to items 3 and 4 of the plaintiff’s demand within 20 days from the service of the order herein with notice of entry thereon.