■ MICHAEL J. O'CONNOR, Doing Business as TEACHERS PRECIOUS METALS, Appellant, v MANFRA, TORDELLA & BROOKES, INC., Respondent.—Order, Supreme Court, New York County, entered March 11, 1977, denying plaintiff's motion to preclude defendant from adducing at trial any evidence with regard to items not properly responded to in compliance with plaintiff's demand for a bill of particulars or, in the alternative, directing defendant to serve a proper bill of particulars, unanimously reversed, on the law and the facts, and the motion to preclude granted unless defendant prepares and serves a proper bill of particulars within 20 days after service upon it by plaintiff of a copy of the order of this court, with notice of entry. Appellant shall recover of respondent $40 costs and disbursements of this appeal. In response to plaintiff's four-item demand for a bill of particulars with respect to defendant's counterclaim, defendant submitted an accumulation of some

300 illegible and totally incomprehensible documents, consisting of checks, bills, receipts and other miscellany which totally fails to serve the purpose of a bill of particulars. A bill of particulars should amplify a pleading, limit the issues and apprise the court and the parties as to the items which the pleader expects to prove. *(Gladden v Logan,* 25 AD2d 508; CPLR 3041.) This bill, such as it is, is totally defective. Concur—Murphy, P. J., Birns, Fein, Markewich and Sullivan, JJ.