OPINION OF THE COURT
Bernard F. McCaffrey, J.
The defendant raises an innovative defense to this motion by the plaintiff for an order precluding defendant from proving the matters as to which a bill of particulars was demanded, and as to which no particulars have been served, striking the answer of defendant for failure to comply with a notice for discovery and inspection, and setting this case down for inquest.
It is the defendant’s contention that the 1975 amendment to CPLR 1412, which now casts a duty upon the defendant to prove the contributory negligence of the plaintiff, is merely a pro forma defense which the defendant is required to now plead. Thus, the defendant argues that it is identical to the allegations of freedom from contributory negligence that the plaintiff was obligated to plead prior to the September, 1975 amendment to the CPLR. The defendant further contends that, since the plaintiff was not required to provide a bill of particulars on her allegation of freedom from contributory negligence, the plaintiff is not entitled to a bill of particulars *271 on the affirmative defense of culpable conduct, which defense stands in the identical position of the prior allegation of freedom from contributory negligence.
Thus, the defendant contends that the plaintiff is not entitled to a bill of particulars on the affirmative defense of culpable conduct. This contention is totally without merit, for there is no analogy between demanding a bill of particulars of a denial, as would be the case under the former law, and demanding a bill of particulars of an affirmative defense, as required under the current law.
In the case at bar, it is the plaintiff’s claim that she was stopped on Jericho Turnpike for a school bus loading in front of her when her vehicle was hit in the rear by defendant’s vehicle. The defendant’s affirmative defense states only that any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, and not by the culpable conduct of the answering defendant. The plaintiff is entitled to a more detailed picture of this defense which she must meet on trial.
Pursuant to CPLR 1412, culpable conduct claimed in diminution of damages is an affirmative defense to be pleaded and proven by the party asserting such defense.
A party is required to serve a bill or particulars as to those matters for which he has the burden of proof. Thus, upon appropriate demand, a defendant is required to particularize his affirmative defenses. In order that the plaintiff can more properly prepare to litigate this issue, she is entitled to know in what matter her conduct is alleged to have been culpable. (See Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 3041, C304L6, p 626; Arsenault v Mittnight, 90 Misc 2d 539, 540.)
Therefore, the branch of plaintiff’s motion for an order of preclusion is granted unless a bill of particulars is served within 20 days after the service of a copy of this order upon the defendant’s attorney, together with the payment of $20 costs.
Further, the branch of plaintiff’s motion for an order striking the defendant’s answer, is granted unless defendant furnishes plaintiff’s attorney with the names and addresses of witnesses (see Foremost Ins. Co. v 3 Grace Ave., 58 AD2d 590) and a copy of any statement made by the plaintiff within 20 days after the service of a copy of this order upon defendant’s attorney. Should the defendant have neither a sworn state *272 ment from the plaintiff, nor the names and addresses of any witnesses, an affidavit to this effect shall be executed and forwarded to plaintiff’s attorney within the aforesaid 20-day period.
The branch of plaintiff’s motion for an inquest, is denied without prejudice to a new application should the defendant fail to serve a bill of particulars or comply with the notice for discovery and inspection within the time period prescribed by this court.