■ CONSTANCE D. McDANIEL et al., Respondents, v CLARKSTOWN CENTRAL DISTRICT No. 1 et al., Defendants, and VOLKSWAGEN OF AMERICA, INC., et al., Appellants. — In an action, *inter alia,* to recover damages for wrongful death, (1) defendants Volkswagen of America, Inc., and Volkswagenwerk, A. G., and defendant World-Wide Volkswagen separately appeal from so much of an order of the Supreme Court, Rockland County (Ruskin, J.), dated June 6, 1980, as denied their cross motions for summary judgment dismissing the complaint as to them, and (2) defendants Volkswagen of America, Inc., and Volkswagenwerk A. G. appeal from so much of a further order of the same court entered September 4, 1980 as denied their motion, *inter alia,* for renewal of their prior cross motion. Order dated June 6, 1980 and order entered September 4, 1980 affirmed insofar as appealed from, with one bill of $50 costs and disbursements payable by the appellants appearing separately and filing separate briefs. This action originally was commenced in early 1973 against the Clarkstown Central District No. 1 and the Town of Clarkstown after an accident in June, 1972 between a school bus and a Volkswagen "Beetle" driven by Constance McDaniel. The accident left her comatose until 1979 when she died of brain atrophy. After the original parties had completed discovery, plaintiffs drafted a supplemental summons and amended complaint alleging additional causes of action sounding in products liability against the named Volkswagen entities. In May of 1975 these were served on the Volkswagen defendants pursuant to a stipulation between the plaintiffs and the Clarkstown defendants, but without judicial permission, for the addition of new parties as required by CPLR 1003 (*cf. CPLR 3025,* subd [b]). The supplemental pleading was clearly denominated "*Amended* Verified Complaint". (Emphasis Supplied.) Upon receipt of this process, the Volkswagen defendants raised no objection to being joined in the action, but the answers of Volkswagenwerk A. G. and World-Wide Volkswagen contained the affirmative defense of lack of personal jurisdiction.

Volkswagen of America did not raise such a defense. During the ensuing five years, the new defendants participated in all phases of the extensive discovery proceedings without objection. In March of 1980, following the decedent's death, plaintiffs moved for substitution of decedent's administrator as a party plaintiff and for leave to serve a second amended complaint asserting causes of action for wrongful death. At this point, the Volkswagen defendants cross-moved for summary judgment dismissing the complaint against them on the ground that plaintiffs' failure to obtain leave to add them as defendants pursuant to CPLR 1003 was fatally defective. The cross motions were denied, "in the exercise of discretion", as was a subsequent motion by two of the Volkswagen defendants, *inter alia,* for renewal. On these appeals, the Volkswagen defendants contend that the failure to obtain court leave to add parties defendant pursuant to CPLR 1003 is a fatal defect requiring dismissal of the complaint against the improperly joined defendants. In the circumstances of this case, we disagree. The failure to obtain leave required under CPLR 1003 created the opportunity for a defendant to claim that the court lacks personal jurisdiction over it because the summons and complaint served were nullities. The purported defect in joinder thus requires a prompt motion to dismiss or preservation by way of defense in the answer, lest it be deemed waived (CPLR 3211, subd [e]). *Catanese v Lipschitz* (44 AD2d 579) is illustrative. There we held that the failure to obtain leave to add a party defendant required dismissal of the complaint against him. In *Catanese,* the summons and amended complaint were served in November, 1972 and the newly added defendant immediately moved to dismiss the complaint for failure to state a cause of action. The plaintiff's response papers contained an admission of failure to comply with the statute (CPLR 1003) and the defendant, claiming ignorance until that time of the impropriety, raised the defect in his reply affidavits. Special Term denied the dismissal motion but we reversed and dismissed. By contrast, the instant Volkswagen defendants were served with the amended pleadings in May, 1975, participated in all phases of discovery, and first moved to dismiss the complaint in May, 1980, long after the Statute of Limitations had expired. None of the defendants preserved the objection to their joinder in the action, either by answer or by motion. Although the answers of two of the defendants contain the defense of lack of personal jurisdiction, the bills of particulars — which amplify the pleadings *(Paldino v E. J. Korvettes, Inc.,* 65 AD2d 617; *O'Connor v Manfra, Tordella & Brookes,* 61 AD2d 961) — dealt wholly with long-arm jurisdiction and the defect in joinder was not raised at all. Furthermore, countervailing the Volkswagen defendants' assertion that they first learned of the improper joinder in March, 1980 is the fact that they were served with a pleading clearly denominated "Amended" complaint. Because they had not been served with the original pleadings, the Volkswagen defendants were put on notice that they had been added as new parties and it is obvious that that was the time to inquire into the propriety of the joinder. Their extensive participation in this action for five years with notice that they were joined as new parties and without appropriate inquiry or objection must be deemed to constitute a waiver of the defect in joinder. Lazer, J. P., Margett, O'Connor and Thompson, JJ., concur.