## (September 12, 1983)

■ CARMELLA ARANZULLO et al., Appellants, v JAMES J. SEIDELL, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Orange County (Isseks, J.), dated November 20, 1981, which is in favor of defendant, upon a jury verdict, after a trial on the issue of liability only. Judgment reversed, on the law and as a matter of discretion, and new trial granted, with costs to abide the event. This negligence action arose out of an automobile accident on Route 94, a two-lane highway in the Town of Cornwall. On January 13, 1979, at approximately 3:00 P.M., plaintiff John Aranzullo's vehicle was proceeding west and defendant's vehicle was traveling east on Route 94. The roadway was slippery from freezing rain. As defendant drove his automobile over the crest of a hill and around a curve, his vehicle skidded on slush into the westbound lane and collided with plaintiff John Aranzullo's vehicle. At a trial on the issue of liability only, the jury returned a verdict in favor of defendant. We are of the opinion that errors in the court's charge warrant reversal of the judgment and a new trial. The jury was instructed to consider section 1180 of the Vehicle and Traffic Law as it pertains to reducing speed when one approaches a curve or hill crest or a hazard created by weather and section 1120 of said statute which provides that a vehicle shall be driven upon the right side of the roadway. The jury was further advised, pursuant to the New York Pattern Jury Instructions (PJI 2:26), that if a violation of the statutes was found, it constituted negligence, since a standard of care other than that set forth in the statute may not be substituted. Defendant excepted to the charge as deficient on the ground that section 1120 of the Vehicle and Traffic Law does not impose absolute liability for its violation. Defendant contended that a violation of the statute did not constitute negligence where the evidence showed that the defendant had exercised reasonable care in an effort to comply and urged that the jury should be instructed that it is the unexplained failure to comply which is negligence. In an attempt to remedy the objectionable aspect of its charge, the trial court gave the following supplemental instruction, this time over plaintiffs' objection: "I read the statute to you, the Vehicle and Traffic Law statute,

one was Section 1120, a vehicle shall be driven upon the right half of the roadway, and I said to you if you find that defendant violated this statute such violation constitutes negligence. I say to you that if you find that the defendant violated this statute *unexplained,* without the other charges that I gave you, *unexplained,* such a violation constitutes negligence" (emphasis supplied). After receipt of a jury request for clarification of the law of negligence as it pertains to violations of sections 1120 and 1180 of the Vehicle and Traffic Law, the trial court again instructed the jury that "[i]f you find that defendant violated this statute unexplained, such a violation constitutes negligence". We find that the supplemental instructions to the jury were erroneous and misleading. A distinction exists between the term "unexcused" and "unexplained". It is an unexcused omission to comply with the statute which is negligence (*Martin v Herzog,* 228 NY 164; *Alongi v Beuter,* 286 App Div 990) and the excuses for which the law takes cognizance are limited (*Petosa v City of New York,* 52 AD2d 919). A violation of the statute may be excused where one exercised reasonable care in an effort to comply (see *Alongi v Beuter, supra; Phillips v Roux Labs.,* 286 App Div 549, 551; *Sherman v Lowenstein & Sons,* 28 AD2d 922; PJI 2:27). By use of the term "unexplained" in the charge, the jury could have misconstrued the applicable legal principles to mean that road conditions created by the inclement weather sufficed to explain defendant's failure to comply with the statutory provisions and, thus, relieved defendant of liability whereas defendant's omission could only be excused by evidence that he had exercised reasonable care under the inclement circumstances in an effort to comply with the statutory provisions. The court additionally erred in submitting the issue of comparative negligence to the jury on a jury verdict sheet entitled "Possible verdicts", without including an instruction in its charge on comparative negligence (see PJI 2:36.1). Although no exception was taken by plaintiffs, this type of error warrants the exercise of our discretionary power to review in the interest of justice. We further note that the trial court's charge on the issue of proximate cause was deficient, albeit the error in that respect did not prejudice plaintiffs. At the new trial an instruction should be given with respect to the need to establish a causal connection between an unexcused violation of the applicable provision of the Vehicle and Traffic Law and the collision (see PJI 2:25). Lazer, J. P., Gulotta, Weinstein and Rubin, JJ., concur.