■ JULIA L. GAVIGAN, Respondent, v MABEL B. GAVIGAN et al., Defendants, and VOLKSWAGEN OF AMERICA, INC., Appellant. (And a Third-, Fourth- and Fifth-Party Action.)—In an action to recover damages for injuries sustained in an automobile accident, the defendant Volkswagen of America, Inc. appeals from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated February 5, 1985, as denied its motion and supplemental motion for summary judgment and for leave to amend its verified bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action was originally commenced by service of a summons with notice in 1975 against Mabel B. Gavigan and Thomas Rosetti after an accident in June 1973 between an automobile operated by Rosetti and a Volkswagen driven by the plaintiff Julia L. Gavigan. The plaintiff was rendered a quadriplegic who was able to communicate only through the use of eye-blink responses and some syllable-length vocalizations. By summons dated March 25, 1976, bearing the same index number as the 1975 summons, and a complaint alleging additional causes of action sounding in products liability, Volkswagen of America, Inc. (hereinafter VWOA) and Courtesy Volkswagen, Inc. were also named as parties defendant. In June 1976, these papers were served on VWOA without judicial permission for the addition of new parties as required by CPLR 1003. In its answer, VWOA, *inter alia,* asserted the affirmative defense of lack of personal jurisdiction, but VWOA, in its bill of particulars in May 1980, limited this defense to long-arm jurisdiction and did not raise the issue of defect in joinder. It was not until August 1984 that an employee of VWOA's attorney located the original 1975 summons while reviewing the original court file, prompting the present motion seeking, *inter alia,* leave to amend VWOA's bill of particulars to include the defense of defective joinder.

VWOA argues that the plaintiff's failure to seek and obtain leave of the court before adding it as a party defendant is a jurisdictional defect mandating dismissal of the complaint as against it *(see, Catanese v Lipschitz,* 44 AD2d 579, 580).

However, any objection to such failure has been waived by VWOA *(see, McDaniel v Clarkstown Cent. Dist. No. 1,* 83 AD2d 624, 625). There was no prompt motion to dismiss, and, although the defense of lack of personal jurisdiction was raised in VWOA's answer, the defense was subsequently limited in its bill of particulars *(see, McDaniel v Clarkstown Cent. Dist. No. 1, supra).* VWOA's request to amend its bill of particulars was properly denied.

We agree with Special Term that there are material issues of fact which preclude the granting of summary judgment in VWOA's favor *(see, Andre v Pomeroy,* 35 NY2d 361; *Cunningham v General Elec. Credit Corp.,* 96 AD2d 502). It had been raining heavily on the evening of the accident, and there is evidence that the subject area of the road was an especially dangerous and improperly designed curve. Although the plaintiff had previously driven on this road, there is no indication as to the number of times she had done so, the hour of day or the weather conditions involved. A significant question of fact is presented as to whether the plaintiff exercised reasonable care under the circumstances, and thus whether she was contributorily negligent *(see, Aranzullo v Seidell,* 96 AD2d 1048, 1049).

There is also evidence that, after the accident, the back portion of the driver's seat was "bent backwards * * * further than it had ever gone before", leading to the plaintiff's allegations that the seat was improperly designed, manufactured and installed. The plaintiff was allegedly thrown out of this defective seat by the force of the impact and trust into the rear window of the vehicle. Although she was not wearing a seat belt at the time of the accident, the plaintiffs' expert averred that, due to the loss of structural integrity of the seat system and a "ramping effect" created by the seat's collapse, a seat belt would not have prevented her "second collision" injuries. Any questions regarding the effect of nonuse of an available seat belt and mitigation of damages are for the trier of fact *(see, Spier v Barker,* 35 NY2d 444; *DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236, 242-243). Mangano, Brown and Lawrence, JJ., concur.

Lazer, J. P., dissents and votes to reverse the order insofar as appealed from, grant the motion and supplemental motion, and dismiss the complaint as against the appellant, with the following memorandum: While I agree that Volkswagen's claims of contributory negligence do not entitle it to summary judgment, I cannot concur in the conclusion that its defense of improper joinder was waived. The critical issue is whether the

failure to obtain leave of court to add a party, as required by CPLR 1003, can be cured nunc pro tunc. In my view, the lack of any authority for dispensing with the statutory mandate precludes our holding that nunc pro tunc leave is available, however distasteful that may be in this particular case. Consequently, I would reverse the order of Special Term insofar as appealed from by granting the appellant's motion and supplemental motion for leave to amend its bill of particulars and for summary judgment on jurisdictional grounds.

The plaintiff was severely injured in a 1973 automobile accident. From the factual averments before us, it seems that the plaintiff lost control of the Volkswagen she was driving while rounding a turn on a rainy night. The vehicle fishtailed, turned 180 degrees counterclockwise as it crossed into oncoming traffic and struck the defendant Rosetti's car. As a result of the impact, the plaintiff, who was not wearing the seat belt and shoulder harness with which the car was equipped, was thrown against the rear window, causing the injuries. She alleges that she would not have been so injured had the seat of her Volkswagen not malfunctioned and became disengaged from its tracks.

In December of 1975, the plaintiff's guardian ad litem commenced this action on behalf of the plaintiff against Mabel Gavigan, her mother, who owned the Volkswagen, and Thomas Rosetti, the owner and driver of the other vehicle. In June of 1976, without obtaining leave of court, the plaintiff served additional summonses, and what was essentially an amended complaint, on Volkswagen of America, Inc. (Volkswagen) and Courtesy Volkswagen, Inc. (Courtesy), naming those two parties, in addition to Gavigan and Rosetti, as defendants. The documents served contained no indication that the new defendants were being added to an existing lawsuit or that the complaint was an amended one. They did, however, contain an index number.

Copies of the new summons and complaint were mailed to the attorneys for Gavigan and Rosetti, and they did not object to either the method of service or the plaintiff's failure to obtain leave. Courtesy never appeared in the action but Volkswagen served its answer on or about July 15, 1976, and interposed, as an affirmative defense, among others, lack of jurisdiction. Volkswagen's bill of particulars later limited this defense to lack of a jurisdictional basis in the long-arm statute (CPLR 302).

Eight years later, after extensive discovery, Volkswagen moved for summary judgment dismissing the complaint and

all other claims against it on the ground that the plaintiff had been contributorily negligent as a matter of law and that her recovery was precluded by her failure to wear a seat belt. During the pendency of this motion, an employee of Volkswagen's attorneys reviewed the Nassau County Clerk's file for the case and allegedly "discover[ed]" the prior summons and complaint naming only Gavigan and Rosetti as defendants. Finding no order in the file granting leave to add the additional parties or serve the second summons and complaint, Volkswagen made a "supplemental" motion seeking leave to amend its bill of particulars to include within its jurisdictional defense the claim that no personal jurisdiction had been obtained over it because the absence of such an order rendered service of the summons void. Volkswagen also sought summary judgment on this basis.

The plaintiff responded by cross-moving for leave to add Volkswagen as a party nunc pro tunc and claimed alternatively that the second summons did not add additional parties to an existing action, but commenced a new one, the first action having been abandoned. The plaintiff further contested Volkswagen's conclusion that failure to obtain leave of court is a jurisdictional defect, arguing instead that it is an irregularity remediable pursuant to CPLR 2001. In addition, the plaintiff opposed Volkswagen's original motion for summary judgment, contending that issues of fact precluded Volkswagen from being entitled to judgment as a matter of law.

Special Term agreed with the plaintiff. It accepted the contention that the original action had been abandoned prior to service of the summons on Volkswagen and therefore denied as moot Volkswagen's supplemental motion to amend its bill of particulars and the plaintiff's cross motion for leave to add Volkswagen nunc pro tunc. Volkswagen's motion for summary judgment was denied on the basis of the existence of triable issues of fact. Volkswagen appeals from so much of the order of Special Term as denied its motion and supplemental motion.

In my view, the debate over the plaintiff's alleged contributory negligence is irrelevant because the plaintiff's failure to obtain leave before serving the second summons and complaint that brought Volkswagen into the action is a fatal defect. I reject explicitly, as my colleagues of the majority do implicitly, Special Term's conclusion that Volkswagen's argument is moot because the plaintiff commenced a new action by serving the second summons and complaint. The facts simply do not support this theory. The summons served on Volks-

wagen bore an index number which had already been assigned to the plaintiff's action against Gavigan and Rosetti. Moreover, although the plaintiff served the second summons and complaint upon Volkswagen and Courtesy by means calculated to obtain personal jurisdiction, she served Gavigan and Rosetti by mailing the process to their attorneys which was appropriate for service for interlocutory papers (CPLR 2103 [b]). The only conclusion that can reasonably be drawn is that the plaintiff was attempting to add Volkswagen and Courtesy to the action already pending.

I cannot agree with my colleagues, however, that *McDaniel v Clarkstown Cent. Dist. No. 1* (83 AD2d 624) resolves the issue. In *McDaniel,* we held that where the first pleading served upon a defendant was clearly denominated "Amended Verified Complaint" the defendant (which happened to be Volkswagen) was on notice that it had been added as a party and therefore waived any defense it may have had on the ground of improper joinder by failing to raise it in its answer. Here, however, the pleading served upon Volkswagen bore no such distinctive title for it was labelled as a "verified" complaint.

The plaintiff thus argues that waiver flows from the fact that Volkswagen responded to a summons served in 1976 which bore a 1975 index number. While it might not be common to obtain an index number prior to commencing the action, it is necessary in some circumstances *(see, e.g.,* CPLR 308 [5] [application for court-ordered service]; 3102 [c] [disclosure prior to bringing an action]; 6211 [a] [order of attachment]). Since such possibilities do exist (and there are undoubtedly others), a summons that contains an index number does not itself alert a defendant to the fact that it has been added to an existing case without judicial permission. Failure to plead improper joinder in these circumstances cannot constitute "the voluntary and intentional abandonment of a known right" necessary for a waiver *(Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184) and Volkswagen's supplemental motion for leave to amend its bill of particulars should therefore have been granted.

The issue thus presented by Volkswagen's motion for summary judgment and the plaintiff's cross motion is whether the failure to obtain leave of court before adding a party is a defect which precludes the court from exercising personal jurisdiction over that party. In *McDaniel* we indicated that the defense related to jurisdiction by stating that the failure to obtain leave "created the opportunity for a defendant to

claim that the court lacks personal jurisdiction over it because the summons and complaint served were nullities" *(McDaniel v Clarkstown Cent. Dist. No. 1, supra,* at p 625). But because our actual holding was that the defect had been waived, we did not finally determine the question of jurisdictionality or remediability. In *Catanese v Lipschitz* (44 AD2d 579), we dismissed the complaint against a party who was added in the same manner as Volkswagen, but since no motion for nunc pro tunc relief had been made, we did not address whether such relief was available.

Nevertheless, *McDaniel* and *Catanese* are indicative of the approach we have taken with respect to CPLR 1003. The statute specifically provides that new parties may be added to an action "by the court"; it contains no provision for adding a new party by the unilateral act of an existing party. While it might be preferable from a policy perspective to save what may otherwise be a meritorious action from dismissal by permitting the failure to comply with the requirements to be cured nunc pro tunc, the availability of such easy relief would surely erode significantly the mandate that court permission be obtained before personal jurisdiction can be obtained over additional parties to an existing lawsuit. The Legislature certainly knows how to eliminate requirements that leave of court be obtained or to make the failure to obtain leave curable nunc pro tunc *(see, e.g.,* L 1977, ch 437, § 2 [adding a new Judiciary Law § 756 which eliminated the requirement that contempt proceedings be commenced by order to show cause]; L 1976, ch 745, § 2 [amending General Municipal Law § 50-e to provide that an application for leave to file a late notice of claim may be made after commencement of the action]). Here, however, the statutory language has remained essentially unchanged since it was included in the original Civil Practice Act (Civ Prac Act § 192 [L 1920, ch 925]). The Legislature has determined that this procedure for adding a party is appropriate, and in the absence of some authority to the contrary, it seems to me that process service without permission confers no jurisdiction over the party served. While we have already declared that the defect relates to personal jurisdiction and is thus waivable, I see no basis in the law for curing such a defect in personal jurisdiction nunc pro tunc.

The authorities to which we are directed by the plaintiff provide no basis for reaching a different result. CPLR 2001 merely provides that certain procedural defects may be cured; it does not define what deficiencies are susceptible to such

treatment. *Copeland v Salomon* (56 NY2d 222), upon which the plaintiff relies, involved the validity of a lawsuit against a court-appointed receiver where the plaintiff had failed to obtain the equity court's permission to bring the suit. But in *Copeland* the Court of Appeals declared the suit was "regular" although the plaintiffs might have been in contempt of court for failure to obtain the equity court's permission to sue a court-appointed officer. Even more significant is the fact that the *Copeland* court went out of its way to note that no statutory requirement for permission was involved in the case *(Copeland v Salomon, supra,* at pp 228-229; *see also, Chautauque County Bank v Risley,* 19 NY 369; *Pruyn v McCreary,* 105 App Div 302, *affd* 182 NY 568). *Carrick v Central Gen. Hosp.* (51 NY2d 242) and *George v Mt. Sinai Hosp.* (47 NY2d 170), also cited by the plaintiff, are predicated upon the policies inherent in CPLR 205, not the problem of adding parties with which we are concerned. Here the requirement is statutory; service without permission cannot be "regular", for it seeks to obtain personal jurisdiction in violation of a statutory command. Absent a voluntary submission to the jurisdiction of the court by the party served, the defect is not curable nunc pro tunc.

Accordingly, I dissent and vote to grant Volkswagen's motion and supplemental motion and to dismiss the complaint as against it.