■ Joseph L. Canino et al., Appellants, v Dennis J. Bozza,

Respondent.—Levine, J. Appeal from an order of the Supreme Court (Klein, J.), entered March 4, 1987 in Ulster County, which granted defendant's motion for a protective order and denied plaintiffs' cross motion for an order of preclusion or, alternatively, to compel the service of a bill of particulars.

Plaintiffs, attorneys-at-law, commenced this action against defendant to recover their fee for legal services rendered. Defendant, by his answer, alleged as an affirmative defense that plaintiffs' legal representation was inferior and of no monetary value. Defendant also asserted counterclaims for overcharging and legal malpractice. Plaintiffs' malpractice insurance carrier retained its own counsel to defend on the counterclaims.

Thereafter, plaintiffs, proceeding *pro se* on their claim for fees, served a demand for a verified bill of particulars seeking amplification of both the affirmative defense and the counterclaims. Defendant then moved for a protective order to stay the demand until plaintiffs indicated who is representing them on the counterclaims in order to prevent duplicate demands. Plaintiffs cross-moved for an order of preclusion. Supreme Court granted defendant's motion for the protective order in all respects and denied the cross motion. This appeal by plaintiffs ensued.

In our view, Supreme Court properly quashed plaintiffs' request for particulars relating to the counterclaims, as that is a matter to be pursued by the insurance carrier's attorney *(cf., Gladden v Logan,* 25 AD2d 508, 509). However, we disagree with Supreme Court's vacatur of the entire demand based on its finding that the demand related solely to the counterclaims. The first five items in plaintiffs' demand specifically refer to the allegations comprising the affirmative defense pleaded in the answer. Dual representation was authorized in the instant case *(see, Chemprene, Inc. v X-Tyal Intl. Corp.,* 55 NY2d 900, 901). Plaintiffs, acting as their own attorneys on their claim against defendant, were entitled to a bill of particulars concerning the affirmative defense *(see, Arsenault v Mittnight,* 90 Misc 2d 539, 540-541; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3041.10).

Our determination is supported by the fact that defendant has not shown that the contents of the demand were improper or oppressive. Rather, defendant objected on the ground that he would be burdened in having to respond to two sets of disclosure demands by different counsel concerning the same counterclaims. On this point we observe that since defendant

had been served with only one demand for a bill of particulars, it could be said that Supreme Court's protective order was premature. In our view, recognizing that, as a practical matter, there is substantial factual overlap between the affirmative defense and the counterclaims, the resulting burden to defendant has been brought about by the manner in which defendant chose to frame his pleadings, rather than simply the fact that plaintiffs have separate counsel on their claim and the counterclaims.

Order modified, on the law, without costs, by (1) denying that part of defendant's motion for a protective order, relating to the first five items in plaintiffs' demand, and (2) granting plaintiffs' cross motion to the extent of compelling service of a bill of particulars concerning the affirmative defense; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.