OPINION OF THE COURT
Edward H. Lehner, J.
The prime issue presented herein is whether service of a supplemental summons and amended complaint is validly made upon an added party when served without prior court approval, but with the consent of all existing parties.
Before me is a motion by plaintiffs in action No. 1 authorizing service of a supplemental summons and amended complaint upon Jeep Corporation, Jeep Eagle Corporation, American Motors Corporation, Chrysler Corporation and Chrysler Financial Corporation (jointly referred to as Chrysler), and a cross motion by the Chrysler defendants for summary judgment dismissing the complaint as against them due to it having been served without prior court order.
Robert Seavey was allegedly injured in an automobile accident on September 22, 1989. By written stipulation dated September 2, 1992 between counsel for plaintiffs and the sole defendant in action No. 1, it was agreed that "plaintiffs may file an amended complaint naming additional parties and stating new causes of action against same”. Although the stipulation contained a line for it to be "so ordered” by the court, such approval was never requested. A supplemental summons and amended complaint adding the Chrysler defendants as parties and asserting products liability and breach of warranty causes of action against them were filed with the County Clerk on September 3, and served upon Chrysler on September 10. In the answer dated October 28, 1992, Chrysler alleged that the court "does not have jurisdiction over defendants due to plaintiffs’ failure to comply with a condition precedent”. While not specified in the answer, the condition precedent asserted was the failure to obtain prior court approval to the addition of the Chrysler defendants as required by CPLR 1003.
In their motion served on November 20, 1992, plaintiffs argued that since the only defendant in the action had consented to the filing of an amended complaint adding parties, court approval was unnecessary as CPLR 3025 (b) allows an amendment "by stipulation of all parties”. Alternatively, plaintiffs contend that by filing the supplemental summons *986 and amended complaint on September 3, 1992, they had, under newly amended CPLR 306-b (a), until the end of 1992 to effect timely service on Chrysler.
At oral argument on December 11, 1992,1 allowed plaintiffs to serve Chrysler with a supplemental summons and amended complaint without prejudice to Chrysler’s position that service at such time would be untimely by reason of the three-year Statute of Limitations.
DISCUSSION
With respect to the joinder of additional parties, CPLR 1003 states that "[p]arties may be added or dropped by the court, on motion of any party or on its own initiative, at any stage of the action and upon such terms as may be just”. As to amendments, CPLR 3025 (b) provides that a "party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties”.
Thus, while section 3025 (b) permits pleading amendments upon agreement of all parties, the section on joinder of additional parties contains no similar provision. This has resulted in decisions of the Second Department holding that notwithstanding the consent of all of the existing parties, the joinder of a new party without court approval is a nullity. Hence, in Catanese v Lipschitz (44 AD2d 579 [2d Dept 1974]), where a defendant was added without court approval, but with the consent of the existing defendants, the court ruled (at 580): "The right to join parties to an action is 'subject to the exercise by the court, in the interest of justice, of its discretionary powers’ (Sherlock v Manwaren, 208 App. Div. 538, 541). In this connection, CPLR 1003 provides the exclusive remedy for nonjoinder of parties * * * What was required herein was leave to serve an amended or supplemental summons and complaint * * * The failure to abide by appropriate procedure leads to the conclusion that Nencetti was improperly joined as a party defendant.” Although in McDaniel v Clarkstown Cent. Dist. No. 1 (83 AD2d 624 [2d Dept 1981]), the court restated the principles set forth in Catanese, dismissal as against the newly joined party was denied because it waited five years to make the dismissal motion. The failure to obtain prior court approval was thus held to be waivable. (See also, Christiansen v City of New York, 144 AD2d 328 [2d Dept 1988]; Yonker v Amol Motorcycles, 161 AD2d 638 [2d Dept *987 1990]; Mekkelson v Cleverley Eng’g, 179 AD2d 1056 [4th Dept 1992].)
On analyzing the nature of the application, I conclude that the Catanese case (supra) was incorrectly decided and based on a recent decision of the First Department believe that it would come to a contrary result.
Because of the unusual fact pattern presented herein, the parties sought to be added by this motion are already before the court. However, normally on an application to add parties the defendants to be added are not present as jurisdiction over such prospective defendants is not a prerequisite to determining the motion. Under our adversarial system, the only objection to such amendment may be made by an existing party over whom the court has jurisdiction. Absent an objection, there would be no basis for a court to reject the existing parties’ desire to have additional defendants added so that the controversy may be resolved in one litigation. Needless to say, plaintiffs could have, without any party’s consent, instituted a separate action against Chrysler before September 22, 1992 without concern of a limitations bar.
It has been often said that parties by stipulation are free to chart their own course in the processing of litigation. On this issue Justice Lazer wrote in Nishman v De Marco (76 AD2d 360, 368-371 [2d Dept 1980], appeal dismissed 53 NY2d 642):
"The rule in civil controversies is that: 'Parties by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce * * * [A]ll such stipulations not unreasonable, not against good morals, or sound public policy, have been and will be enforced’ (Matter of New York, Lackawanna & Western R. R. Co., 98 NY 447, 453) * * *
"The judicial policy in favor of the enforcement of stipulations * * * has found widespread application. Thus, parties may stipulate away procedural defects in litigation * * * 'chart their own procedural course’ in a case * * * waive jurisdictional defects not involving the subject matter to maintenance of the suit * * * or stipulate to the judgment which the court is to enter upon resolution of disputed facts * * *
"The comparatively few instances in which public policy does prohibit the enforcement of a stipulation — such as would circumvent the policy embodied in certain of the State’s domestic relations statutes * * * or where the effect would be *988 to declare a statute unconstitutional * * * or to uphold an illegal agreement * * * or where the strength of the public policy is evidenced by statutory provisions precluding waiver * * * — clearly indicate that nonwaivable matters are those fundamental to the fabric of society * * * or good governance”. (See also, Matter of Abramovich v Board of Educ., 46 NY2d 450, 456 [1979].)
Clearly the Court in Catanese (supra) did not follow these principles when it declined to enforce the stipulation permitting joinder of new parties. It is difficult to see how any public policy would justify ignoring the agreement of the existing parties with respect to the issue at hand. No rights of the nonparty are in any way affected by its joinder as any defense it possesses may be raised after joinder.
The decision of the First Department in Snediker v Rockefeller Ctr. (182 AD2d 585 [1992]) leads me to believe that it would not follow Catanese (supra). There the court affirmed (without discussing the aforesaid Second Department cases) an order granting plaintiffs leave to serve a supplemental summons and amended complaint nunc pro tunc joining additional parties even though prior service of such papers was made without court approval. It is noted that in dissent, Justice Murphy followed the rulings of the Second Department in finding that the failure to obtain prior court approval rendered the amended papers "legal nullities” and that "it was error for the IAS court to grant plaintiffs leave to amend their process nunc pro tunc as of the date the process was served”. (See also, Pepsico, Inc. v Wendy’s Intl., 118 FRD 38 [SD NY 1987] [where Judge Leval opined that the holding in Catanese would not be adopted by our Court of Appeals]; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1003:l, at 451 [where the author concludes that the result in Catanese "seems unduly harsh”].)
In light of the foregoing, I find that service upon Chrysler on September 10 gave the court jurisdiction and that the service was not a nullity by reason of the failure to obtain prior court approval to the addition of the Chrysler defendants. Accordingly, since such defendants raise no other ground for their cross motion for summary judgment, that application is denied.