■ Spring L. Carson, Respondent-Appellant, v Aileen T. De Lorenzo, Appellant-Respondent. [657 NYS2d 469] —Mercure, J. Cross appeals from a judgment of the Supreme Court (Viscardi, J.), entered December 15, 1995 in Essex County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action to recover for personal injuries she sustained in an April 1, 1993 automobile accident on State Route 9 in the Town of Lewis, Essex County. Just prior to the accident, the parties were approaching one another from opposite directions on the two-lane highway; it was snowing and the road was covered with slush. As defendant completed a curve, the rear of her automobile began to "fishtail". She was successful in momentarily regaining control by taking her foot off the accelerator, but the car began to fishtail again, this time more dramatically. At that point, defendant saw plaintiff's car approaching from the opposite direction. In an effort to get her car off the road, defendant turned her steering wheel to the left, causing her car to proceed into and across the southbound lane of traffic and onto the opposite shoulder of the road. During the same period, plaintiff took the evasive action of driving off the right side of the road, where she was struck by defendant. The impact caused plaintiff's head to strike the windshield, resulting in multiple lacerations of her forehead and face. Following a jury trial, at which Supreme Court determined as a matter of law that plaintiff had overcome the serious injury threshold by sustaining a significant disfigurement (see, Insurance Law § 5102 [d]; § 5104) and the jury was permitted to consider whether plaintiff had used an available seat belt and, if so, the effect on her damages (see, Spier v Barker, 35 NY2d 444), the jury rendered a verdict in favor of plaintiff awarding $50,000 for past damages and $150,000 for future damages and diminishing the award for past damages by $37,500 based upon its determination that plaintiff was not wearing a seat belt at the time of the accident. The parties cross-appeal.

Initially, we reject defendant's contention that Supreme Court erred in denying her requests that the jury be instructed on the emergency doctrine (see, Kuci v Manhattan & Bronx Surface Tr. Operating Auth., 88 NY2d 923, 924), unavoidable accident (see, Mikula v Duliba, 94 AD2d 503, 507), skidding vehicles (see, PJI3d 2:84 [1997]) or excusable violation of a statute, here Vehicle and Traffic Law § 1120 (a) (see, Aranzullo v Seidell, 96 AD2d 1048). We agree with plaintiff

that the evidence adduced at trial effectively precluded the jury's consideration of any of those doctrines or circumstances in mitigation or avoidance of defendant's liability. Contrary to defendant's unduly sympathetic portrayal, our reading of the trial testimony leads us to conclude that the chain of events leading up to the collision was set in motion by defendant's operation of her vehicle at a speed that was excessive for the prevailing weather and road conditions. In addition, the evidence indicates that it was defendant's conscious decision to turn her steering wheel to the left that caused her to proceed all the way across the oncoming lane of traffic and into plaintiff's path. Under the circumstances, we conclude that defendant should reasonably have anticipated and been prepared to deal with the situation that confronted her (*cf., Kuci v Manhattan & Bronx Surface Tr. Operating Auth., supra*) and that the accident was foreseeable and occurred as a result of the conscious manner in which defendant reacted to the slushy road conditions (*cf., Mikula v Duliba, supra*). Similarly, there was no testimony supporting a finding that defendant exercised reasonable care in an attempt to comply with Vehicle and Traffic Law § 1120 (a) (*see, Aranzullo v Seidell, supra*).

We are also unpersuaded that Supreme Court erred in refusing to grant a new trial based upon the jury's assertedly inconsistent verdict reducing the award for past pain and suffering on the basis of plaintiff's failure to wear a seat belt but making no corresponding reduction in the award for future pain and suffering. Based on our review of the record, we perceive no substantial confusion among the jurors in reaching their verdict (*cf., Cortes v Edoo*, 228 AD2d 463). In considering the defense of failure to use an available seat belt, Supreme Court instructed the jury substantially in accordance with PJI3d 2:87.1 [1997], stating that if it found that plaintiff was not wearing a seat belt at the time of the accident it was to "reduce plaintiff's damages for such injuries that [it found] she received for her failing to wear a seat belt" (*see*, 1A NY PJI3d 369-370 [1997]). As can be seen, the charge correctly provided for a single monetary reduction and made no mention of any apportionment of that value between past and future damages (*see*, 1A NY PJI3d 370-371 [1997]). The concept of apportionment was first introduced in the jury questionnaire, to which neither party took exception, and was apparently ignored by the jurors, who set forth their entire $37,500 reduction in response to the first question that addressed the issue and then "none" to the second. We view the jury's conduct as evidencing no confusion—it merely followed Supreme Court's explicit direction and set forth the amount of its unallocated reduction at the first available opportunity.

Nor are we persuaded that Supreme Court erred in directing a verdict in favor of plaintiff that she sustained a "significant disfigurement". We have viewed the photographs depicting plaintiff's scar at various times following the accident, including the time of trial, and concur in Supreme Court's determination that the subject collision left plaintiff with facial scarring that a reasonable person would regard as unattractive, objectionable or as the subject of pity and scorn (cf., *Petrivelli v Walz*, 227 AD2d 735, 736; *Caruso v Hall*, 101 AD2d 967, 968, *affd* 64 NY2d 843).

We reject defendant's remaining contentions, including the novel argument that, in determining whether plaintiff satisfied the serious injury threshold, Supreme Court and the jury were limited to a consideration of the injuries that plaintiff would have sustained had she been wearing her seat belt. Patently, the defense of failure to use an available seat belt has nothing at all to do with the issues of liability or the serious injury threshold (*see, Spier v Barker*, 35 NY2d 444, 450, *supra*; *Davis v Bradford*, 226 AD2d 670). We do not view the seemingly contrary dictum in the case of *Obercon v Glebatis* (89 AD2d 762) as requiring a different result.

As a final matter, we are not persuaded that Supreme Court was required to strike the testimony of defendant's engineering expert, Alvin Bryski, including the opinion that plaintiff was not using her seat belt at the time of the accident and that, had she been using it, her head would not have struck the windshield (*see, Aylesworth v Evans*, 225 AD2d 850, 851-852).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.