Daniel J. Waldron, Appellant, v Michael P. Wild, Respondent.

Fourth Department, November 4, 1983

APPEARANCES OF COUNSEL

*Anthony J. Paris* for appellant.

*Michael J. Pekarsky* for respondent.

OPINION OF THE COURT

Callahan, J. P.

Plaintiff, Daniel J. Waldron, commenced this negligence action to recover money damages for personal injuries he sustained as the result of an accident which occurred on May 25, 1980 when the automobile owned and operated by defendant, Michael P. Wild, in which he was a passenger, left the road and collided with a building and several parked cars. He was taken to the emergency room of the Community General Hospital in Syracuse where he was treated for his injuries and released.

After joinder of issue and pretrial discovery, defendant made a motion for summary judgment pursuant to CPLR 3212 upon the ground that plaintiff's action was barred because he did not sustain a "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law. In granting defendant's motion dismissing plaintiff's

complaint, Special Term found that the facial injuries suffered by plaintiff did not qualify as a "significant disfigurement" within the threshold requirements of the No-Fault Law (Insurance Law § 671, subd 4). Plaintiff appeals from that order.

Subdivision 1 of section 673 of the Insurance Law provides that "[n]otwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss [i.e., pain and suffering], except in the case of a serious injury". "Serious injury", as defined in subdivision 4 of section 671 means, *inter alia,* a personal injury which results in "significant disfigurement". Plaintiff's complaint alleges that the accident caused a "serious injury" as defined in subdivision 4 of section 671 of the Insurance Law. Defendant contends that plaintiff's facial injuries are superficial and minor and do not fall within the threshold requirements of the statute. Thus, the issue for our resolution is whether the medical evidence in the record before Special Term on the motion for summary judgment is sufficient to raise a triable issue of fact with regard to plaintiff's claim of a "significant disfigurement".

In responding to defendant's motion for summary judgment, plaintiff's affidavit asserts that he sustained "multiple lacerations on my face" which "have resulted in permanent scar tissue * * * There is a scar on my forehead which is approximately one-half centimeter in length and distinctly lighter in color than the surrounding skin area. This scar is permanent * * * Furthermore, there is a slightly prominent punctate area of bony prominance on my nose. This disfigurement is also permanent." The emergency room record from the Community General Hospital reveals that upon examination, plaintiff suffered "[m]ultiple small facial abrasions and lacerations, the later of the gouge-type which do not require repairing". Plaintiff's doctor's report verifies that he had abrasions of the face and forehead when initially seen by him on June 3, 1980. A report submitted by defendant's doctor notes injuries to plaintiff's face as being "[o]n the nose, just at the bridge

adjacent to the inner brow, there is an area of circular pigmentation, about ½ cm. in diameter. There was no doubt a laceration in this region. It is noticed on close observation. On his nose one can feel a slightly prominent punctate area of bony prominence. This again is with the imagination. There is no other deformity to the nose". Concluding comments in this report state that "[t]he young man did have an impact to his face with multiple areas of contusions, abrasions and ecchymosis * * * The end result at this late date is a punctate area of loss of pigmentation just medial to the right brow. This is only about 0.5 cm. in length. It is noticed on close observation. If there is any cosmetic permanency, it sure is minor. The same is true with any finding referable to the nose. The remainder of the face is clear * * * Except for the punctate scar it is obvious that [plaintiff] has had a good convalescence." Defendant relied upon the same medical reports and records together with his attorney's affidavit in support of his motion for summary judgment. After examining the affidavits, records, reports and photographs of plaintiff's face, Special Term concluded that plaintiff had failed to demonstrate a "significant disfigurement" within the meaning of the no-fault statute.

Summary judgment might be warranted in an appropriate case where the responding papers to the motion contain an unsubstantiated statement that plaintiff's injuries would constitute serious injury within the meaning of the Insurance Law (*Matter of Perez v Pearl-Wick Corp.*, 56 AD2d 239), or where plaintiff fails to establish by admissible evidence the existence of a factual issue, i.e., a "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law, requiring a trial (*Shaffer v Kasperek*, 79 AD2d 1092). This is not such a case. Summary judgment is a drastic remedy, and, of course, should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231; *Goldstein v County of Monroe*, 77 AD2d 232, 236) or where the issue is "arguable" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). On a motion for summary judgment the court should accept as true the opposing party's evidence and any evidence of the movant which favors the opposing party (*Weiss v Garfield*, 21 AD2d 156).

The no-fault statute is silent as to the meaning of "significant disfigurement". Another court (*Agudelo v Pan Amer. World Airways,* 118 Misc 2d 186, 189) in searching for the meaning, stated: "Although no New York case has discussed or defined the meaning of a 'significant disfiguring' injury in connection with a no-fault case, the word disfigurement is used in our State's Workers' Compensation Law (§ 15, subd 3, par t, cl 1) wherein it is provided that the 'board may award proper and equitable compensation for serious facial or head disfigurement'. As used in the context of a claim for workers' compensation benefits, the term 'disfigurement' has been defined as ' " 'that which impairs or injures the beauty, symmetry, or appearance of a person * * * that which renders unsightly, misshapen, or imperfect, or deforms in some manner' " ' (*Mitchum v Inman Mills,* 209 SC 307, 309; accord *Arkin v Industrial Comm. of Col.,* 145 Col 463; *Bowen v Chiquola Mfg. Co.,* 238 SC 322; *Dombrowski v Fafnir Bearing Co.,* 148 Conn 87)."

" '[S]ignificant' as used in the statute pertaining to 'limitation of use of a body function or system' should be construed to mean something more than a minor limitation of use." (*Licari v Elliott,* 57 NY2d 230, 236.) Thus, a minor, mild or slight limitation of use has been classified as insignificant within the meaning of the statute. (*Licari v Elliott, supra.*)

Defendant's doctor's report acknowledges that plaintiff has a "punctate area of loss of pigmentation just medial to the right brow" and on his nose "a slightly prominent punctate area of bony prominence." It classifies the cosmetic permanency as "minor". However, what may be characterized as minor by a physician in examining a claimant on behalf of a party seeking to dismiss a claim or by a physician who regularly sees and treats more serious injuries, may well be evaluated as a "significant disfigurement" by the standards of a reasonable man.

Facial scarring requires close evaluation. It is the type of injury which should not be dismissed without viewing the injury. A residual imperfection may not be as significant on other portions of the anatomy as it may be upon the face or other exposed areas. A court, in evaluating the gravity

of the disfigurement to determine whether as a matter of law the marring qualifies as a "significant disfigurement" within the threshold requirements of the No-Fault Law, must consider all relevant factors. These should include the location of the injury, the age, sex and occupation of the victim, other scars of disfigurement, blemishes, imperfections caused at birth or the result of pox or acne and any other distinguishing features which will detract from the person's appearance as it existed prior to the date of the accident.

The threshold question of whether plaintiff has made out a prima facie case of serious injury should be decided by the court (*Licari v Elliott, supra,* p 238). Except in circumstances as hereinbefore stated, such determination should be made after the plaintiff has had an opportunity to present his proof for evaluation of the seriousness of the injury and the credibility of the witnesses. In *Licari,* plaintiff was afforded such an opportunity to testify and present medical evidence in a plenary trial whereas in the instant case the court has precluded the plaintiff that opportunity by relying solely upon papers submitted on the motion for summary judgment.

We adopt the language drafted by the Committee on Pattern Jury Instructions for guidance and use by Judges in instructing juries as to the meaning of "significant disfigurement". "A disfigurement is significant if a reasonable person viewing the plaintiff's body in its altered state would regard the condition as unattractive, objectionable, or as the subject of pity or scorn." (PJI 2:88B [Sept., 1982 Supp].)

In our view plaintiff has demonstrated by admissible evidence the existence of a factual issue requiring a plenary trial on the issue of a "significant disfigurement". Therefore, the motion for summary judgment should have been denied. If plaintiff fails to establish a significant disfigurement within the meaning of the no-fault insurance law at the trial, of course, a motion will lie to dismiss the complaint, during or at the conclusion of the trial (*Sanders v Rickard,* 51 AD2d 260, 264).

BOOMER, J. (dissenting). Here, one picture is worth more than 10,000 words. In determining whether a plaintiff's

injury qualifies as a "significant disfigurement" within the threshold requirements of the No-Fault Law (Insurance Law, § 671, subd 4), the sole consideration is the appearance of the plaintiff. In response to defendant's motion for summary judgment dismissing the complaint, plaintiff submitted a photograph of his facial scar. He makes no claim that this photograph does not accurately depict his injury. Based upon the photograph, which shows only slight and inconspicuous scarring, we have no hesitation in finding that no "reasonable person viewing the plaintiff's [face] in its altered state would regard the condition as unattractive, objectionable, or as the subject of pity or scorn" (PJI 2:88B [Sept., 1982 Supp]).

Accordingly, the order should be affirmed.

GREEN and SCHNEPP, JJ., concur with CALLAHAN, J. P.; BOOMER and DENMAN, JJ., dissent and vote to affirm the order in an opinion by BOOMER, J.

Order reversed, with costs, and defendant's motion for summary judgment denied, in accordance with opinion by CALLAHAN, J. P.