◼ JOHN D. SAVAGE, Appellant, v PHILIP M. DELACRUZ et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered May 12, 1983 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint. ¶ Plaintiff's action to recover for personal injuries followed a collision between an automobile operated by plaintiff and a vehicle owned by defendant Mary A. Delacruz and operated by defendant Philip M. Delacruz. The complaint alleged that plaintiff had sustained a "serious injury" as defined by section 671 of the Insurance Law (see CPLR 3016, subd [g]). After issue was joined, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff had not sustained such an injury within the meaning of subdivision 4 of section 671 of the Insurance Law, and, accordingly, that recovery was barred by article XVIII of the Insurance Law, commonly referred to as the No-Fault Law. Special Term granted defendants' motion and this appeal by plaintiff ensued. We reverse. ¶ While the question of whether a plaintiff has sustained a serious injury within the meaning of subdivision 4 of section 671 of the Insurance Law ordinarily presents a question of fact for the jury, the Court of Appeals has indicated that the court must "decide the threshold question of whether the evidence would warrant a jury finding that the injury falls within the class of injuries that, under no-fault, should be excluded from judicial remedy" (*Licari v Elliott,* 57 NY2d 230, 238). Thus, in a contested motion for summary judgment dismissing the complaint in a personal injury action, the court must determine, as a matter of law, whether summary relief dismissing the complaint is appropriate (see *Salisbury v St. Louis,* 91 AD2d 745; *Daviero v Johnson,* 88 AD2d 732). ¶ Turning to the case before us, we note that plaintiff relies on the categories of serious injury listed in subdivision 4 of section 671 of the Insurance Law, specifically "permanent consequential limitation of use of a body organ or member" and "significant disfigurement". The limitation of use of a body member or organ must be "permanent" and "consequential" (*Licari v Elliott, supra*). The limitation of use need not, however, be total (see *Harris v St. Johnsbury Trucking Co.,* 57 AD2d 127). Here, the medical report of plaintiff's physician indicated that plaintiff had sustained a sprain of the right ankle, leaving him with a "mild partial disability" which "is likely to remain permanent". The medical report of the doctor who examined plaintiff on behalf of defendants indicated that plaintiff made "subjective complaints of pain" which he felt were not disabling. Plaintiff's verified bill of particulars, however, indicates that he now walks with a limp. Given these medical facts, we are of the view that defendants have not demonstrated that they are entitled to judgment as a matter of law on the question of whether plaintiff has sustained a "permanent conseqential limitation of use of a body organ or member" within the meaning of subdivision 4 of section 671 of the Insurance Law (see, generally, *Cohen v Lizza,* 63 AD2d 557 [jury question where plaintiff sustained injury to leg causing limp]). ¶ With respect to plaintiff's alleged "significant disfigurement", we note that both plaintiff's and defendants' medical reports state that plaintiff sustained scars in the area of his right knee, with plaintiff's doctor reporting the scars to be one-quarter inch and one and one-quarter inch in size. The acknowledged presence of scars raises the question of whether a reasonable person viewing plaintiff's body in its altered state would regard the condition as unattractive, objectionable or as the subject of pity or scorn (see *Waldron v Wild,* 96 AD2d 190, 194). Again, with

respect to the issue of significant disfigurement, we conclude that an issue of fact exists precluding a finding by Special Term that no such condition exists as a matter of law. ¶ Moreover, we are of the view that summary relief of complaint dismissal is inappropriate when, as here, defendants have not carried their burden of establishing a defense sufficient to justify relief as a matter of law by a tender of evidentiary proof in admissible form (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067; *La Frenire v Capital Dist. Transp. Auth.*, 96 AD2d 664, 665). Here, defendants' papers in support of their motion consist of an attorney's affidavit, the pleadings, the demand for a verified bill of particulars, the verified bill of particulars and two unsworn medical reports. This court has held that an attorney is not a qualified medical expert with the requisite knowledge to characterize injuries, and that unsworn medical reports, not being in depositional form, are unsworn hearsay statements wholly inadequate to support a motion for summary judgment to dismiss a complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of the Insurance Law (*La Frenire v Capital Dist. Transp. Auth., supra*). ¶ We conclude by noting that while defendants have not shown that they are entitled to summary judgment, if, at trial, plaintiff fails to establish a serious injury within the meaning of subdivision 4 of section 671 of the Insurance Law, a motion will lie to dismiss the complaint during or at the conclusion of trial (CPLR 4401; *Waldron v Wild, supra; Sanders v Rickard,* 51 AD2d 260, 264). ¶ Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.