■ MICHAEL J. CARUSO et al., Respondents, v RICHARD W. HALL, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff Michael J. Caruso, entered July 8, 1983 in Schenectady County, upon a verdict rendered at Trial Term (Mercure, J.). ¶ Plaintiff Michael J. Caruso (plaintiff) was injured in an automobile accident in the City of Schenectady. Plaintiff suffered a three-inch long cut in the top of his head, which required 15 stitches to close, and a concussion. The cut left a scar which, at the time of trial, had diminished somewhat in size and was obscured by plaintiff's hair, which had grown back. Plaintiff sought damages for his personal injuries alleging that he had suffered various forms of "serious injury" under subdivision 4 of section 671 of the Insurance Law and, therefore, satisfied the exception of subdivision

1 of section 673 of the Insurance Law. During plaintiff's case, defendant admitted liability and the trial proceeded to resolve whether plaintiff had suffered a "serious injury" and, if so, whether he was entitled to any damages. ¶ At the close of the trial, defendant moved for dismissal of plaintiff's action for personal injuries on the ground that plaintiff had failed to satisfy any of the threshold tests of "serious injury" (Insurance Law, § 671, subd 4). Defendent's motion was denied, but the jury was charged only on the "significant disfigurement" aspect of "serious injury". The jury, concluding that plaintiff suffered "significant disfigurement" and, thus, "serious injury", returned a verdict for plaintiff in the amount of $15,000. Defendant's motion to set aside the verdict and to reduce the amount of damages was denied. This appeal followed. ¶ Although the question of whether a plaintiff has suffered a serious injury is usually a question of fact for the jury, it is for the court, in the first instance, "to determine whether the plaintiff has established a prima facie case of sustaining serious injury" (*Licari v Elliott*, 57 NY2d 230, 237; see *Mooney v Ovitt*, 100 AD2d 702). Furthermore, even where allegations of significant disfigurement are sufficient to withstand a defendant's motion for summary judgment, a motion to dismiss the complaint will lie during or at the end of the trial if the plaintiff fails to establish a significant disfigurement (see *Savage v Delacruz*, 100 AD2d 707; *Waldron v Wild*, 96 AD2d 190, 194). In this case, we are concerned not with whether plaintiff's allegations of serious injury by significant disfigurement are sufficient to withstand a motion for summary judgment, but with whether plaintiff has established a prima facie case of serious injury such that the trial court properly denied defendant's motions to dismiss the complaint and to set aside the verdict. Our review of the record leads us to conclude that plaintiff has failed to establish a prima facie case of serious injury and therefore, the trial court should have granted defendant's motions. ¶ The evidence revealed that plaintiff's scar is located at the back of his head and is obscured by his hair. Thus, the scar is not readily discernible by an individual looking at plaintiff. Indeed, plaintiff's "natural appearance" after the accident, with an apparently full head of hair covering the scar, was identical to that before the accident and, therefore, plaintiff's injury cannot be considered disfiguring (see 1 NY PJI 2:88B [2d ed] [1983 supp], p 102). Moreover, even if plaintiff's scar was disfiguring, it was not significant, for plaintiff's hair soon obscured the disfigurement, thereby preventing a reasonable person viewing plaintiff's body in its altered state from regarding the condition as unattractive, objectionable, or as the subject of pity and scorn (see *Savage v Delacruz, supra; Waldron v Wild, supra;* 1 NY PJI 2:88B [2d ed] [1983 supp], p 102). Considering plaintiff's scar in this fashion, mindful that plaintiff's hair now covers the scar, we conclude that the proof was insufficient to have warranted sending this case to the jury. ¶ Plaintiff argues that significant disfigurement need not be permanent to constitute a serious injury and that the shaved area of plaintiff's head during the time the cut was healing constituted a "temporary disfigurement which was clearly significant at the time it existed". Although we agree that some temporary disfigurements will present jury questions as to whether they are significant, we reject plaintiff's contention that his is such a case. The term "significant", as used to define other aspects of serious injury, pertains to something more than that which is minor, mild or slight (see *Licari v Elliott*, 57 NY2d 230, 236, *supra*). In *Hezekiah v Williams* (81 AD2d 261), the court concluded that inasmuch as the plaintiff's nonpermanent injuries resulted in curtailment of her daily activities for only a three-week period, "there was no line of reasoning by which the jury could have concluded that plaintiff suffered a *'significant* limitation' " (*id.,* at p 266; emphasis added). If the limitation in *Hezekiah* was not significant, it is difficult to conclude that the alleged disfigurement in this case was signifi-

cant in light of the fact, adduced at trial, that plaintiff's hair was growing back and covering the scar two weeks after the accident. It can be assumed from this that the scar was shortly thereafter obscured completely by plaintiff's hair, as it was at the time of trial. ¶ Our decision in *Smith v Mouawad* (91 AD2d 700) is not to the contrary. The injuries suffered by plaintiff therein presented a question of fact on the issue of significant disfigurement because the "natural appearance" of the plaintiff was altered for the worse (see 1 NY PJI 2:88B [2d ed] [1983 supp], p 102), and the extent of such alteration was a question to be resolved by the jury. As discussed above, such is not the situation in the case at bar. Accordingly, it was error to have denied defendant's motions and plaintiff's complaint must be dismissed. This disposition renders it unnecessary to consider the other points raised on appeal. ¶ We conclude by emphasizing that we are not deciding whether plaintiff's allegations of serious injury by significant disfigurement would survive a motion for summary judgment (cf. *Savage v Delacruz,* 100 AD2d 707, *supra* [evidence of scars on knee defeats defendant's summary judgment motion]; *Waldron v Wild,* 96 AD2d 190, *supra* [over dissent, evidence of scarring on forehead and nose defeats defendant's summary judgment motion]). All we are deciding is that plaintiff's proof failed to establish a prima facie case of serious injury. ¶ Judgment reversed, on the law, without costs, and complaint dismissed. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.