■ TINA PRIESTON, Respondent, v MICHAEL G. MASSARO, Appellant. — In a negligence action to recover damages for personal injuries sustained in an automobile accident, defendant

appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), entered November 16, 1983, which, upon a jury verdict after a trial on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $25,000. A prior trial on the issue of liability resulted in a verdict in favor of the plaintiff finding defendant 100% at fault in the happening of the accident.

Judgment reversed, on the law, and new trial granted on the issue of whether plaintiff sustained " '[s]erious injury' " within the meaning of subdivision 4 of section 671 of the Insurance Law, and if so, the amount of damages, with costs to abide the event.

As a result of an accident on June 12, 1979, plaintiff suffered a cerebral concussion, sprains of the cervical spine and lower back, hematomas over the left calf and lower back, and a laceration of the forehead resulting in a 2- to 4-centimeter scar running longitudinally from the bridge of her nose. At the conclusion of the liability portion of the bifurcated trial, defendant was found 100% liable. During the damages portion, the court erroneously found as a matter of law that plaintiff's scar was a "significant disfigurement", and thus denied defense counsel's request to submit the threshold question to the jury (see Insurance Law, § 671, subd 4; § 673, subd 1). Testimony by plaintiff and her expert witness revealed that, for most of the year, plaintiff's scar is white, flat and barely noticeable. Although it burns in the summer months, protection from the sun would reduce consequent redness. The acknowledged presence of a scar raises the question of whether a reasonable person viewing plaintiff's forehead in its altered state would regard the condition as unattractive, objectionable, or as the subject of pity or scorn (*Savage v Delacruz,* 100 AD2d 707; *Waldron v Wild,* 96 AD2d 190, 194). Upon the testimony presented in this case, reasonable people could differ as to whether plaintiff's scar was a "significant disfigurement", and the threshold issue should have been submitted to the jury as a question requiring a special finding (*Quaglio v Tomaselli,* 99 AD2d 487, 488). Defendant further argues that plaintiff may not recover for her remaining injuries unless they independently meet the threshold, even if it is determined that plaintiff's scar is a serious injury. He cites no cases in support of this argument, and in any event it is without merit. It is incumbent upon the court to decide in the first instance whether plaintiff has a cause of action to assert within the meaning of the No-Fault Insurance Law (Insurance Law, art XVIII; *Licari v Elliott,* 57 NY2d 230, 237). However, once a prima facie case of serious injury has been established and the

trier of fact determines that a serious injury has been sustained, plaintiff is entitled to recover for all injuries incurred as a result of the accident.

The issue of whether the plaintiff has sustained a serious injury is sufficiently interrelated with the assessment of an amount of money which will adequately compensate her for that disfigurement as to warrant a new trial on both issues. That being the case, it is not necessary to consider whether the court erred in refusing to set aside the verdict as excessive. We have reviewed plaintiff's remaining contention and find it to be without merit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.