■ JOSEPH P. MATULA, Respondent, v ERNEST J. CLEMENT, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Conway, J.), entered June 10, 1986 in Albany County, upon a verdict rendered in favor of plaintiff.

As a result of a motor vehicle accident which occurred October 11, 1982, plaintiff received emergency room treatment at a local hospital, was released and returned to work the following day. Thereafter, plaintiff began to suffer severe headaches, numbness in his right arm and pain in his left shoulder.

The difficulty experienced in the shoulder was determined to be the consequence of a tear of the rotator cuff, coupled with a change in a degenerative arthritic condition in the area of the acromioclavicular joint, both occasioned by the accident. After 14 months of conservative treatment, prescribed by an orthopedic surgeon, corrective surgery to relieve the pain and discomfort was performed in the course of which it was necessary to remove a portion of the distal end of plaintiff's left clavicle. The surgery left a permanent scar approximately six inches long on the shoulder.

At the close of the case Supreme Court, in response to defendant's motion for a directed verdict, found that but for the possibility plaintiff may have sustained a "significant

---

disfigurement", none of plaintiff's injuries met the No-Fault Insurance Law threshold requirement, needed to maintain a personal injury action arising out of negligence, of a "serious injury" (Insurance Law § 5102 [d]; § 5104 [a]). The court left the matter of whether plaintiff's shoulder scar constituted a "significant disfigurement" for the jury, which returned a verdict in plaintiff's favor of $75,000. Defendant has appealed.

The only issues presented are whether plaintiff's scar represented a serious disfigurement and, hence, a serious injury within the meaning of the No-Fault Law, and the claimed excessiveness of the verdict.

The record and exhibits disclose that plaintiff was married, 56 years of age at the time of trial and was employed as a sales representative by a transportation concern. The scar's presence being acknowledged and obvious, and having been exhibited to the jury for its consideration, the degree to which it was disfiguring was for the jury to decide. Its conclusion, implicit in the verdict it reached, that the scar was such that a reasonable person viewing it would regard it as "unattractive, objectionable or as the subject of pity or scorn" *(Savage v Delacruz,* 100 AD2d 707), is amply justified.

With respect to the size of the verdict, it is worth noting that once the "serious injury" threshold is satisfied, a plaintiff is entitled to recover any damages proximately caused by the accident *(Prieston v Massaro,* 107 AD2d 742, 743-744; *see,* Insurance Law § 5104 [a]). And as to those injuries, all demonstrated to be pain producing and causally related to the accident, testimony elicited from plaintiff and his various medical experts established that he continues to experience pain and numbness in his right arm and hand because of nerve root damage and that this condition is permanent; that he continues to endure extremely painful, recurring, cluster headaches over the left portion of the head, a condition which plaintiff's neurologist testified, without contradiction, that plaintiff may never be free of; and that, despite the surgery, plaintiff, who is stoic by nature and is capable of functioning in spite of his pain, will have discomfort in his left shoulder permanently. There was also testimony from which the jury could have concluded that the cumulative effect of plaintiff's injuries disrupted his marital relationship, his capacity to perform routine household chores, and to enjoy leisure activities such as bowling and fishing. Given the foregoing, the verdict, though generous, cannot be said to be shockingly extravagant.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.