■ MARCOS BENITEZ, Appellant, v ROBERT SEXTON, Sued Herein as ROBERT SAXON, Respondent.—In a negligence action to recover damages for personal injuries and injury to property, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Bambrick, J.), dated August 25, 1986, as, upon the defendant's motion for summary judgment dismissing the complaint, dismissed the plaintiff's cause of action to recover damages for personal injuries.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff suffered soft tissue injuries and multiple lacerations at the left temple of his forehead as a result of a collision between his bicycle and the defendant's automobile. By his own admission, he was able to return to work part time within a week or two after the accident and full time within a month thereafter (cf., Licari v Elliott, 57 NY2d 230; see, De Filippo v White, 101 AD2d 801). In an affidavit submitted in opposition to the defendant's motion, the physician whom the plaintiff testified at his deposition that he saw only once simply repeated the plaintiff's complaints of "dizziness" and "headaches". Without specifying the date of further examination, if any, this physician posited that he thereafter noted "continued pain in upper extremity with limitation of range of motion". These assertions are insufficient to warrant a jury trial as to whether the plaintiff sustained a "serious injury", particularly in light of the defendant's detailed medical affidavit to the contrary (see, Insurance Law § 5102 [d]; Lowe v Bennett, 69 NY2d 700; Hayes v Riccardi, 97 AD2d 954; cf., Popp v Kremer, 124 AD2d 720).

While the existence of a disfigurement generally precludes determination by summary judgment as to whether a plaintiff has sustained serious injury (see, Prieston v Massaro, 107 AD2d 742; Savage v Delacruz, 100 AD2d 707; Waldron v Wild, 96 AD2d 190; cf., Caruso v Hall, 101 AD2d 967, affd 64 NY2d 843), this plaintiff's claim that an allegedly permanent but undescribed lump on his forehead constitutes "disfigurement" is insufficient to defeat the defendant's motion. We note that

the plaintiff made no claim of significant disfigurement in his complaint or bill of particulars. The defendant's physician, who examined the plaintiff two years after the accident, attested that the defendant's forehead was "well healed and was the same color and [as] level as the surrounding skin". The plaintiff's attorney, contending that the alleged lump exists, acknowledged in his opposing papers that the lump "is in an area covered by hair and [is] not easily visible upon examination". Under the circumstances disclosed in this record, no trier of fact could rationally conclude that the disfigurement, if any, is "significant" (Insurance Law § 5102 [d]). Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.