■ DEBORAH M. EDWARDS, Appellant, v FRED R. DEHAVEN, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Smyk, J.), in favor of defendant, entered July 26, 1988 in Broome County, upon a dismissal of the complaint at the close of plaintiff's case.

Plaintiff brought this action to recover for injuries alleged

to have been sustained in an automobile accident, claiming "significant disfigurement" as the basis for satisfying the threshold requirement of "serious injury" (see, Insurance Law § 5102 [d]; § 5104 [a]). The action proceeded to a jury trial and Supreme Court, after personally viewing the scars which form the basis for plaintiff's claim of disfigurement, dismissed the complaint at the conclusion of plaintiff's case upon the ground that plaintiff had failed to establish a serious injury as a matter of law. Plaintiff appeals.

There should be an affirmance. Although the question of whether a plaintiff has suffered a serious injury is usually for the jury, it is incumbent upon the court to decide in the first instance if "reasonable people could differ as to whether plaintiff's scar was a 'significant disfigurement' " (Prieston v Massaro, 107 AD2d 742, 743; see, Caruso v Hall, 101 AD2d 967, 968, affd 64 NY2d 843). Here, plaintiff testified that she sustained a scar near her left knee, a ¾-inch "indentation" on her left calf and a 4-inch "jagged" scar just above her right knee, and that the scars were "very apparent" and made her "self-conscious". However, our review of the record and exhibits, including a color photograph of the scar on plaintiff's left calf, leads us to conclude that Supreme Court properly determined that a reasonable person viewing plaintiff's body in its altered state would not regard the condition as unattractive, objectionable or as the subject of pity or scorn (see, Savage v Delacruz, 100 AD2d 707).* Because plaintiff did not sustain her burden of establishing a prima facie case of serious injury at trial, the complaint was properly dismissed (see, supra, at 708; see also, Caruso v Hall, supra, at 968-969).

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.

---

* We have not been furnished with photographs of the scars on or near plaintiff's knees. Plaintiff's failure to make a record of their appearance prevents us from determining the merit of her claim that these scars were significantly disfiguring (see, Lewis v General Elec. Co., 145 AD2d 728, 729; Slater v Town of Rochester, 31 AD2d 590). Thus, in our view, this claim has been abandoned.