■ EDWARD C. SIEGLE, Respondent, v COUNTY OF FULTON et al., Defendants, and ELIZABETH J. MADDEN, Appellant.—Harvey, J. Appeals from an order and reformed order of the Supreme Court (Mycek, J.), entered June 12, 1990 and October 17, 1990 in Fulton County, which, *inter alia,* granted plaintiff's motion to set aside the verdict and granted a new trial on the issue of damages only.

Plaintiff commenced this action seeking to recover for injuries sustained as a result of a collision occurring on January 8, 1988 between an automobile driven by defendant Elizabeth J. Madden (hereinafter defendant) and a snowplow driven by defendant Michael Check but owned by defendant County of Fulton. Plaintiff was a passenger in defendant's automobile at the time and he suffered lacerations on his forehead, nose and upper lip which required sutures. Following joinder of issue, a jury trial was conducted. At trial a plastic surgeon testified for plaintiff and stated that plaintiff's facial scars are permanent. On two separate occasions during the trial, plaintiff stood directly in front of the jury for purposes of a detailed inspection and explanation of the facial scars. Following the close of evidence, the issue of whether plaintiff suffered a "serious injury" as defined by Insurance Law § 5102 (d) was ultimately submitted to the jury, which eventually decided that defendant was the sole negligent party and her negligence proximately caused the accident. However, the jury also found that plaintiff had not suffered a "serious injury" and, therefore, the final outcome was in defendant's favor.

Plaintiff's counsel thereafter moved to set aside the verdict with respect to the finding of "serious injury" as against the weight of the evidence and requested a new trial. Supreme Court eventually agreed to hear arguments on the motion. At the hearing, the court accepted into evidence over defendant's objection certain photographs depicting plaintiff's scars and injuries. Supreme Court then decided to grant plaintiff's motion to set aside that part of the verdict finding that plaintiff did not suffer a serious injury, found that issue in plaintiff's favor as a matter of law and directed a new trial solely on damages against defendant. Following the entry of an order to this effect, Supreme Court subsequently reformed that order to permit the introduction of plaintiff's photographs. Defendant appeals from both orders.

We reverse. In our view, Supreme Court incorrectly set aside that part of the jury's verdict which found that plaintiff had not suffered a "serious injury" within the meaning of the statute. Significant disfigurement qualifies as a serious injury

under Insurance Law § 5102 (d) and exists if "a reasonable person viewing [the] plaintiff's body in its altered state [regards] the condition as unattractive, objectionable, or * * * the subject of pity and scorn" *(Caruso v Hall,* 101 AD2d 967, 968, *affd* 64 NY2d 843). "Although the question of whether a plaintiff has suffered a serious injury is usually for the jury, it is incumbent upon the court to decide in the first instance if 'reasonable people could differ as to whether [the] plaintiff's scar[ring] was a "significant disfigurement" ' " *(Edwards v DeHaven,* 155 AD2d 757, 758, quoting *Prieston v Massaro,* 107 AD2d 742, 743). Once the court determines that a prima facie showing of a significant disfigurement has been made, the jury must then determine the factual question of whether there is a significant disfigurement *(see, Matula v Clement,* 132 AD2d 739, 740, *lv denied* 70 NY2d 610; *Prieston v Massaro, supra,* at 743).

Here, we note initially that we find nothing inappropriate in Supreme Court's decision to submit the question of serious injury to the jury since, based on the testimony, plaintiff's appearance was altered by the scarring even though the extent of that alteration was a question over which reasonable persons could differ *(see, Prieston v Massaro, supra,* at 743; *Caruso v Hall, supra,* at 969). However, we disagree with the court's decision to set aside the jury's verdict.[*] It is well settled that "[a] verdict may be set aside as against the weight of the evidence 'only where the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence' " *(Holbrook v Jamesway Corp.,* 172 AD2d 910, 911, quoting *Schoch v Dougherty,* 122 AD2d 467, 468, *lv denied* 69 NY2d 605). In the case at bar it is apparent that the evidence presented at trial could fairly be interpreted to support the jury's determination that the disfigurement was not significant. The jury had ample opportunity to view the scars and evaluate their significance. In showing the scars to the jury, plaintiff's physician described the scar as a hypertrophic scar (similar to a swollen lip). Accordingly, the jury's factual determination that plaintiff's scarring, akin to a swollen lip, was not a *significant* disfigurement is supported by a fair interpretation of the evidence.

---

[*] It should be noted parenthetically that, upon setting aside the verdict in defendant's favor as against the weight of the evidence, the appropriate remedy for Supreme Court was to grant a new trial rather than to grant a judgment in plaintiff's favor on this issue *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 498; *Nicastro v Park,* 113 AD2d 129, 132-133).

Since we find no justification for Supreme Court's disturbance of the jury's verdict, the proper remedy for us to take is to reinstate the verdict *(see, e.g., Harlow Apparel v Pik Intl.,* 106 AD2d 345, 346, *lv denied, appeal dismissed* 64 NY2d 609, 1013). On a final note, we agree with defendant that Supreme Court improperly accepted the photographs submitted on the posttrial motion to set aside the verdict that had not been admitted into evidence at trial *(see, Beechey v De Sorbo,* 53 AD2d 727, 728).

Weiss, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the orders are reversed, on the law, with costs, and jury verdict reinstated.