■ ANGELA MARCHIANO, Appellant, v JOANNE MASON et al., Respondents.

Contrary to the plaintiff's contentions, our review of the record discloses that the trial court's charge with respect to the issue of "significant disfigurement" under the "No Fault" law adequately conveyed the applicable legal principles to the jury (*see,* PJI 2:88B [1991 Supp], *see also,* Insurance Law § 5102 [d]; *Edwards v DeHaven,* 155 AD2d 757; *Landsman v Bunker,* 142 AD2d 986; *Prieston v Massaro,* 107 AD2d 742, 743). It is well settled that in order to establish the existence of a significant disfigurement within the meaning of the "No Fault" law, a plaintiff must establish, *inter alia,* that a reasonable person would view the injury as " 'unattractive, objectionable or * * * the subject of pity or scorn' " *(Siegle v County of Fulton,* 174 AD2d 930, 931; *see, Edwards v DeHaven, supra;* PJI 2:88B [1991 Supp]).

Here, the trial court's charge, though differing somewhat from the recommended pattern instruction, properly informed the jury that its determination with respect to the plaintiff's claimed "significant disfigurement" was to be premised upon a visual inspection of the injury within the context of the foregoing definitional criteria. Moreover, and under the circumstances presented, we discern no error in the portion of the court's charge which instructed the jury not to consider the "permanence" of the plaintiff's injury upon the threshold question of whether she had sustained a "significant disfigurement". The record reveals that the jury reasonably concluded upon the evidence before it that the plaintiff's alleged "disfigurement" was simply not "significant" in its appearance *(cf., Caruso v Hall,* 101 AD2d 967, *affd* 64 NY2d 843).

The court did not improvidently exercise its discretion in declining to admit a photograph of the plaintiff's injury taken some two years prior to trial. On the record before it, the court could reasonably have concluded that the admission of a single, two-year-old photograph created a potentially unbalanced representation of the plaintiff's injury and would tend to confuse, rather than assist, the jury in its deliberations.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.