■ JARET SPEVAK, as Guardian ad Litem of JASON R. SPEVAK, an Infant, Appellant, v ALISON SPEVAK et al., Respondents. [624 NYS2d 232] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Owen, J.), entered October 15, 1993, which, upon a jury verdict, finding that the plaintiff had not sustained a "significant disfigurement", and had sustained no damages as a result of the accident in this case, was in favor of the defendants dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The jury's determination that the one-inch scar on the plaintiff's chin, a scar which the jury was able to personally view when the plaintiff appeared before them, would not be

regarded by a reasonable person as unattractive, objectionable, or as the subject of pity or scorn, and therefore does not constitute a significant disfigurement (see, Insurance Law § 5102 [d]; *Prieston v Massaro*, 107 AD2d 742, 743), is supported by a fair interpretation of the evidence. Thus, the plaintiff's contention that the verdict in favor of the defendants should be set aside as against the weight of the evidence is without merit (see, *Nicastro v Park*, 113 AD2d 129, 134; see also, *Marchiano v Mason*, 179 AD2d 739; *Siegle v County of Fulton*, 174 AD3d 930; *Prieston v Massaro, supra*).

Relying on a single use of the word "fracture" in the plaintiff's hospital record, the plaintiff contends that the trial court erred in failing to instruct the jury that he had suffered serious injury in the form of a fracture (see, Insurance Law § 5012 [d]). We disagree. We note that the existence of a fracture was not pleaded in the complaint or in the bill of particulars, and was raised for the first and only time at trial, when the plastic surgeon who treated the plaintiff in the emergency room was asked to read from a note written by an oral surgeon on the plaintiff's hospital record. Additionally, the fracture referred to apparently involved the structure which holds one of the plaintiff's baby teeth in place, and was successfully treated by pushing the tooth back into place. Finally, "a broad construction of the statutory term 'fracture' to include a minor tooth injury of the type involved herein would expand, rather than narrow the number of litigated automobile personal injury actions, thereby undermining the intent of the Legislature in enacting the No-Fault Insurance Law" (*Epstein v Butera*, 155 AD2d 513, 515).

The trial court did not improvidently exercise its discretion in refusing to permit testimony as to the reactions of the two-year-old plaintiff's playmates upon seeing his injuries for the first time, approximately one week after the accident (see, *Marchiano v Mason*, 179 AD2d 739, *supra*). Lawrence, J. P., Pizzuto, Joy and Altman, JJ., concur.