■ DANIEL P. PETRIVELLI et al., Appellants, v MICHAEL N. WALZ et al., Respondents. [642 NYS2d 348] —Casey, J. Appeals (1) from a judgment of the Supreme Court (Lynch, J.), entered December 5, 1994 in Schenectady County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered March 10, 1995 in Schenectady County, which denied plaintiffs' motion to set aside the verdict.

As the result of an automobile accident, plaintiff Daniel P. Petrivelli (hereinafter plaintiff), and his wife derivatively, commenced this action against the driver and the owner of the other involved vehicle in which he alleged that he had sustained a serious injury as defined by Insurance Law § 5102 (d). Specifically, through his bill of particulars, plaintiff claimed significant disfigurement from facial scarring and scars on his right wrist and hand.

A jury trial resulted in a unanimous verdict which found that plaintiff did not sustain significant disfiguring scars. After judgment was entered, plaintiffs moved pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence. Supreme Court denied plaintiffs' motion and plaintiffs appeal from the judgment and order. There should be an affirmance.

To determine whether a verdict should be set aside as against the weight of the evidence, the applicable standard is whether the evidence so preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746). "Significant disfigurement qualifies as a serious injury

under Insurance Law § 5102 (d) and exists if 'a reasonable person viewing [the] plaintiff's body in its altered state [regards] the condition as unattractive, objectionable, or * * * the subject of pity and scorn'" (*Siegle v County of Fulton*, 174 AD2d 930, 930-931, quoting *Caruso v Hall*, 101 AD2d 967, 968, *affd* 64 NY2d 843; *see, Spevak v Spevak*, 213 AD2d 622, 623).

Plaintiff claims four facial scars. The claim of scars to his wrist and hand has apparently been abandoned. With respect to the scarring above his left eye, plaintiff described it as "a little bit of a scar there" which his glasses cover. Based upon plaintiff's own testimony, the verdict with respect to this scar should not be set aside. So described, such a scar would not be "readily discernible by an individual looking at plaintiff" (*Caruso v Hall, supra*, at 968). As to the scar below plaintiff's left eye, defendants' examining physician stated in his report that the scar is "virtually invisible" and "has healed well and very appropriately". A fair interpretation of the evidence as to this scar would sustain the verdict. The scar inside the lip is unobservable and prevents a reasonable observer from regarding this condition as unattractive, objectionable or as the subject of pity and scorn (*see, supra*, at 968). The final and most significant scar is above plaintiff's upper lip and is described as a "2.3 cm scar running diagonally in the right side of his lip just lateral to the filtral prominence running upward towards the left nasal sill. The scar is stretched by approximately 1 mm [and] [i]t is considerably whiter than the surrounding skin and has a slight depression to it". Considering the evidence as to this scar, and taking into account the jury's opportunity to view the injured plaintiff's condition, we conclude that Supreme Court did not err in refusing to set aside the verdict as against the weight of the evidence (*compare, Zulawski v Zulawski*, 170 AD2d 979, 979-980 [where a 2 to 2$^1$/2-inch scar on a plaintiff's forehead constituted significant disfigurement], *and Matula v Clement*, 132 AD2d 739, 740, *lv denied* 70 NY2d 610 [where significant disfigurement was found based on a six-inch scar on a plaintiff's shoulder], *with Spevak v Spevak, supra*, at 622-623 [where a one-inch scar on a plaintiff's chin was held not to be a significant disfigurement]).

Having reviewed the record, we cannot say that the evidence so preponderated in favor of plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence. The order and judgment should, therefore, be affirmed.

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the judgment and order are affirmed, with costs.