■ Joseph W. Moxley et al., Appellants, v Robert L. Givens, Respondent. [679 NYS2d 472] —Graffeo, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered July 18, 1997 in Chenango County, upon a verdict rendered in favor of defendant.

Plaintiffs commenced this action to recover damages for

---

injuries sustained in a three-vehicle automobile accident in December 1994 on State Route 12 in the Town of Chenango, Broome County. Defendant's pickup truck was proceeding in the southbound lane of Route 12 when it struck a stationary automobile from behind, which caused the latter vehicle to be propelled into plaintiffs' automobile traveling in the northbound lane. At the conclusion of the trial, the jury found that neither plaintiff had sustained a serious injury as defined by Insurance Law § 5102 (d) and judgment was entered in favor of defendant. Thereafter, plaintiffs moved for an order setting aside the verdict as against the weight of the evidence. Supreme Court denied the motion and this appeal ensued.

It is axiomatic that a jury verdict shall not be set aside as against the weight of the evidence unless "the evidence so preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence" (*Petrivelli v Walz*, 227 AD2d 735; *see*, *Lolik v Big V Supermarkets*, 86 NY2d 744). Although a trial court has discretion to set aside a verdict, it should exercise caution and accord considerable deference to the jury's determination (*see*, *Whitmore v Rowe*, 245 AD2d 669; *Wierzbicki v Kristel*, 192 AD2d 906), especially since the resolution of a conflict of fact and the credibility of witnesses is within the jury's province (*see*, *Wierzbicki v Kristel*, *supra*, at 908).

Here, plaintiff Joanne Moxley's treating physician, Daniel Federowicz, testified that based on plaintiff's subjective complaints, he determined that she had sustained a cervical, right shoulder and chest wall strain. He acknowledged that an MRI revealed neither disc herniation nor nerve root compression. More than a year following the accident, Federowicz "thought" Joanne Moxley had possible posttraumatic carpel tunnel syndrome but conducted no tests to confirm the diagnosis. Moreover, when asked whether her injuries were permanent, Federowicz opined that it was difficult to predict. Joanne Moxley's chiropractor testified that although tests demonstrated no neurological or reflex abnormalities, she nevertheless sustained a permanent partial disability to her cervical and upper thoracic spine. Defendant's expert testified that X rays and an MRI of Joanne Moxley were normal and that an examination revealed no abnormalities. Further, he opined that any strain she sustained was not permanent and found no evidence of carpel tunnel syndrome. Evidence was also presented which indicated that Joanne Moxley returned to work three weeks after the accident, which defendant's expert opined was possible based on her injuries. We find that the jury's deci-

sion was supported by the record since the opinions of Joanne Moxley's experts were primarily based on subjective complaints of pain with few objective findings (*see, Tankersley v Szesnat*, 235 AD2d 1010; *Linton v Nieves*, 175 AD2d 550; *Berben v Arain*, 124 AD2d 379), and defendant's expert refuted her allegations.

Plaintiff Joseph W. Moxley alleged that the injury to his lower lip constituted a significant disfigurement and a permanent consequential limitation of use of a body organ or member. He testified that his lower lip was numb in the area of the injury, which made it difficult for him to eat certain foods, prevented him from fully smiling and caused him to drool. However, Joseph Moxley's treating physician testified that the wound had healed well, there was no muscular damage to the lip and that he was able to smile. Admitted into evidence was a photograph of Joseph Moxley smiling after the accident and he demonstrated a smile to the jury. In view of the evidence of injury and the jury's opportunity to view Joseph Moxley's condition, the jury's determination that he did not sustain a permanent consequential limitation of a body organ or member, nor a significant disfigurement which a reasonable person could regard as objectionable or the subject of pity or scorn (*see, Carson v De Lorenzo*, 238 AD2d 790, *lv denied* 90 NY2d 810), was based on a fair interpretation of the evidence (*see, Petrivelli v Walz, supra*, at 736).

Upon review of the entire record, we affirm the denial of the motion to set aside the verdict. The jury, after weighing conflicting testimony (*see, Nicastro v Park*, 113 AD2d 129), could conclude that plaintiffs did not sustain serious injuries within the meaning of Insurance Law § 5102 (d). Although evidence was presented to support plaintiffs' claims, the evidence did not preponderate in favor of plaintiffs to such an extent that the jury's determination could not have been reached on any fair interpretation of the evidence (*see, Preston v Young*, 239 AD2d 729).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.