■ JOANN M. PECORA, Respondent, v MARSHALL E. LAWRENCE et al., Appellants. (Appeal No. 1.) [816 NYS2d 772]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered December 20, 2004 in a personal injury action. The order granted plaintiff's motion for a directed verdict on the issue of significant disfigurement (*see* Insurance Law § 5102 [d]).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle she was operating was struck by a vehicle operated by defendant Marshall E. Lawrence and owned by defendant American Stainless Corporation. Defendants conceded that they were at fault for the accident, and a trial was conducted on the issues of serious injury and damages. Plaintiff presented evidence establishing that she suffered severe lacerations to her left ear that left some scarring and made plaintiff self-conscious about the appearance of her ear. The jury was given the opportunity to view plaintiff's ear, and photographs of plaintiff's ear were received in evidence at trial. At the close of evidence, plaintiff moved for a directed verdict on the issue whether she sustained a significant disfigurement (*see* Insurance Law § 5102 [d]). Supreme Court reserved decision on the motion but, after the jury returned a verdict finding that plaintiff did not sustain either a significant disfigurement or a permanent consequential limitation of use of a body organ or member, the court granted plaintiff's motion for a directed verdict on the issue of significant disfigurement "based upon the initial tearing away of a portion of plaintiff's ear at the time of the accident." In appeal No. 1, defendants appeal from the order granting that motion.

Plaintiff also moved for an order setting aside the verdict and directing judgment as a matter of law on the issue whether she sustained a permanent consequential limitation of use of a body organ or member or, in the alternative, a new trial on that issue

on the ground that the verdict was contrary to the weight of the evidence. The court, however, did not rule on that motion but instead wrote that, "[i]n light of the court's determination of a significant disfigurement as a mat[t]er of law, the motions [*sic*] are moot." The court then issued an advisory decision on what it would have done "if [it] were to rule." At the conclusion of that advisory decision, the court wrote that "[t]his shall constitute the decision and order of the Court." In appeal No. 2, defendants purport to appeal from that document.

With respect to appeal No. 1, we conclude that the court erred in granting plaintiff's motion for a directed verdict on the issue of significant disfigurement. In order to direct a verdict in favor of the plaintiff, the court must view the evidence in the light most favorable to the defendants and conclude "there is no rational process by which the fact trier could base a finding in favor of the [defendants]" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Kelley v Kronenberg* [appeal No. 2], 2 AD3d 1406, 1407 [2003]). Here, the court determined as a matter of law that plaintiff sustained a significant disfigurement based on the initial injury to her ear at the time of the accident. Although there are some "temporary disfigurement[s] [that] will present jury questions as to whether they are significant, we reject plaintiff's contention that [hers] is such a case" (*Caruso v Hall*, 101 AD2d 967, 968 [1984], *affd* 64 NY2d 843 [1985]). Where, as here, the initial injury subsides to the point that it is "noticeable only to those acquainted with [the plaintiff]," there is a rational process by which a jury could find that the plaintiff did not sustain a significant disfigurement (*Wiegand v Schunck*, 294 AD2d 839, 839 [2002]; *see Caruso*, 101 AD2d at 968-969).

We conclude that defendants' purported appeal from the "decision and order" in appeal No. 2 must be dismissed. Despite the court's statement that it "shall constitute the decision and order of the Court," that document did not actually order anything and "[n]o appeal lies from a mere decision" (*Kuhn v Kuhn*, 129 AD2d 967, 967 [1987]). We note, however, that the motion underlying the order in appeal No. 2 is no longer moot in view of our reversal of the order in appeal No. 1. Present— Gorski, J.P., Martoche, Smith, Green and Pine, JJ.