**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**1451**

**CA 11-01139**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

CLAY LANGENSIEPEN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DAVID KRUML, DEFENDANT-RESPONDENT.
(APPEAL NO. 2.)

---

LAW OFFICE OF JACOB P. WELCH, CORNING (ANNA CZARPLES OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LEVENE GOULDIN & THOMPSON, LLP, VESTAL (SARAH E. NUFFER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered February 17, 2011. The judgment dismissed the complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying defendant's cross motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the significant disfigurement and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and granting that part of plaintiff's amended motion for partial summary judgment on the issue of negligence, and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle driven by defendant and in which plaintiff was a passenger struck a tree. We conclude that Supreme Court properly granted those parts of defendant's cross motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under the permanent consequential limitation of use and 90/180-day categories of serious injury (*see* Insurance Law § 5102 [d]). Contrary to plaintiff's contention, defendant met his initial burden on the cross motion with respect to those categories and, in opposition to the cross motion, plaintiff failed to submit the requisite "objective proof of [his alleged] injury in order to satisfy the statutory serious injury threshold" (*Toure v Avis Rent A Car Sys*., 98 NY2d 345, 350).

We agree with plaintiff, however, that the court erred in granting those parts of defendant's cross motion with respect to the significant disfigurement and significant limitation of use categories of serious injury. According to plaintiff, the scar on his hip constituted a significant disfigurement. We conclude that the issue

whether " 'a reasonable person viewing the plaintiff's [hip] in its altered state would regard the condition as unattractive, objectionable, or as the subject of pity or scorn' " presents an issue of fact that cannot be resolved by way of summary judgment (*Waldron v Wild*, 96 AD2d 190, 194; *see Savage v Delacruz*, 100 AD2d 707).  We further conclude that the medical evidence submitted by plaintiff is sufficient to create an issue of fact with respect to the significant limitation of use category.  We therefore modify the judgment by denying defendant's cross motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the significant disfigurement and significant limitation of use categories of serious injury.

We also agree with plaintiff that the court erred in denying that part of his amended motion for partial summary judgment on the issue of negligence.  Defendant pleaded guilty to driving while intoxicated based on the one-vehicle accident at issue.  Moreover, defendant did not oppose that part of plaintiff's amended motion on the issue of negligence.  Thus, we conclude that plaintiff established his entitlement to judgment as a matter of law with respect to defendant's negligence (*see Kelsey v Degan*, 266 AD2d 843), and we therefore further modify the judgment accordingly.

Entered:  February 17, 2012                    Frances E. Cafarell
                                               Clerk of the Court