Feutcher v Composite Tr. (2019 NY Slip Op 03267)





Feutcher v Composite Tr.


2019 NY Slip Op 03267


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8787 305847/14

[*1]Maggie C. Feutcher, Plaintiff-Appellant,
v
Composite Transit, et al., Defendants, Jephte Guillame, et al., Defendants-Respondents.


Caitlin Robin & Associates, PLLC, New York (Arjeta Albani of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Robert D. Grace of counsel), for respondents.



Order, Supreme Court, Bronx County (Alison Tuitt, J.) entered on or about March 23, 2018, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs,
and the motion and cross motion denied.
Defendants met their prima facie burden on their motion and cross motion for summary judgment dismissing plaintiff's claim under the significant disfigurement category of Insurance Law § 5102(d), with the affidavit of a plastic surgeon, who found that the hematoma at plaintiff's right temple was an area of "slightly increased prominence" of the soft tissues at her right temple that was "cosmetically acceptable," and with a photograph of the plaintiff, which showed a only a slight bump.
In opposition, however, plaintiff raised an issue of fact, by submitting photographs taken in the month or two after the accident showing severe swelling and discoloration at her right temple and eye, and additional photographs taken two years after the accident which show, according to the affidavit of plaintiff's plastic surgeon, "swelling to the right temp[oral] region of [her] face [which] continues and causes a visible bump' to be present." Plaintiff's plastic surgeon further opined that, "[g]iven the length of time this facial cosmetic deformity has existed, . . . it is [a] permanent condition." Moreover, plaintiff's doctor also advised plaintiff that it would be tricky to do surgery to reduce the bump because of the nerves in the area and because it would leave a scar.
After reviewing the photographs, and considering all relevant factors, such as the location of the injury (here, the face), and the injured plaintiff's background (see Waldron v Wild , 96 AD2d 190, 193-194 [4th Dept 1983]), we find that plaintiff demonstrated the existence of a factual issue requiring a trial on the question of "significant disfigurement," i.e. whether "a reasonable person would view the physical alteration as unattractive, objectionable, or . . . the subject of pity and scorn" (Abdulai v Roy , 232 AD2d 229, 229 [1st Dept 1996] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK