Burnett v Allen (2023 NY Slip Op 04003)

Burnett v Allen

2023 NY Slip Op 04003

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

314 CA 22-01648

[*1]ROBERT T. BURNETT, PLAINTIFF-RESPONDENT,
v
DESTINI ALLEN, BRIAN J. SMITH AND J & L JANITORIAL SERVICES, INC., DOING BUSINESS AS K & K JANITORIAL SERVICE, DEFENDANTS-APPELLANTS. (APPEAL NO. 3.) 

HAGELIN SPENCER LLC, BUFFALO (LAURA B. GARDINER OF COUNSEL), FOR DEFENDANT-APPELLANT DESTINI ALLEN. 
SMITH, SOVIK, KENDRICK & SUGNET, P.C., WILLIAMSVILLE (ALAN J. BEDENKO OF COUNSEL), FOR DEFENDANTS-APPELLANTS BRIAN J. SMITH AND J & L JANITORIAL

 Appeals from an amended order of the Supreme Court, Erie County (Lynn W. Keane, J.), entered October 11, 2022. The amended order, among other things, granted in part the cross-motion of plaintiff for summary judgment. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by denying that part of plaintiff's cross-motion for summary judgment with respect to the significant disfigurement category of serious injury within the meaning of Insurance Law § 5102 (d), and as modified the amended order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover for injuries he allegedly sustained in a motor vehicle accident. At the time of the accident, plaintiff was a passenger in a vehicle operated by defendant Destini Allen. Allen mistakenly pulled into the wrong driveway. As Allen reversed her car out of the driveway and onto the road, a vehicle owned by defendant J & L Janitorial Services, Inc., doing business as K & K Janitorial Service and driven by defendant Brian J. Smith (collectively, Smith defendants) collided with Allen's vehicle. As a result of the collision, plaintiff allegedly sustained serious injuries to his face, head, and back. Allen moved for summary judgment dismissing the complaint against her on the ground that plaintiff did not sustain a qualifying serious injury under Insurance Law § 5102 (d). The Smith defendants cross-moved for, inter alia, summary judgment dismissing the complaint against them on the ground that Allen was negligent as a matter of law and was the sole proximate cause of the accident. Plaintiff cross-moved for summary judgment on the issues of negligence and whether he sustained a serious injury. Supreme Court denied Allen's motion, denied the Smith defendants' cross-motion except with respect to the issue of Allen's negligence, and granted plaintiff's cross-motion for summary judgment to the extent of determining that plaintiff was not negligent, that Allen was negligent, and that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the significant disfigurement category. The Smith defendants appeal, and Allen separately appeals.
The Smith defendants contend on their appeal that the court erred in denying their cross-motion insofar as it sought summary judgment on the issue of liability on the ground that Allen was the sole proximate cause of the accident. We reject that contention. As the movants for [*2]summary judgment, the Smith defendants "had the burden of establishing as a matter of law that [Smith] was not negligent or that, even if [Smith] was negligent, his negligence was not a proximate cause of the accident" (Pagels v Mullen, 167 AD3d 185, 187 [4th Dept 2018]). To meet that burden, the Smith defendants were required to establish that Smith "fulfilled his common-law duty to see that which he should have seen [as a driver] through the proper use of his senses . . . and to exercise reasonable care under the circumstances to avoid an accident" (id. [internal quotation marks omitted]; see Heltz v Barratt, 115 AD3d 1298, 1299 [4th Dept 2014], affd 24 NY3d 1185 [2014]). Viewing the evidence in the light most favorable to the nonmoving parties, as we must, and affording them the benefit of every reasonable inference (see Bank of N.Y. Mellon v Simmons, 169 AD3d 1446, 1446 [4th Dept 2019]), we conclude that the Smith defendants failed to meet their initial burden with respect to either Smith's negligence or proximate cause. In support of their cross-motion, the Smith defendants submitted the transcripts of plaintiff's and Smith's deposition testimony, which establish that, although Smith was several car lengths away, he did not slow down before the collision and did not attempt to swerve from the vehicle or sound his horn, and the Smith defendants failed to submit any other evidence establishing that there was nothing Smith could have done to avoid the accident (see Pagels, 167 AD3d at 188-189).
We agree with Allen on her appeal, however, that the court erred in granting that part of plaintiff's cross-motion with respect to serious injury under the significant disfigurement category, and we therefore modify the amended order accordingly. Plaintiff failed to meet his initial burden on his cross-motion of demonstrating that he sustained a serious injury under the significant disfigurement category (see generally Waldron v Wild, 96 AD2d 190, 193-194 [4th Dept 1983]). Although plaintiff submitted photographs of his facial scar in support of his cross-motion, that evidence did not establish as a matter of law that "a reasonable person viewing [his face] in its altered state would regard the condition as unattractive, objectionable or as the subject of pity or scorn" (Smyth v McDonald, 101 AD3d 1789, 1791 [4th Dept 2012] [internal quotation marks omitted]; see Langensiepen v Kruml, 92 AD3d 1302, 1303 [4th Dept 2012]). Because plaintiff failed to meet his initial burden on that part of his cross-motion with respect to serious injury under the significant disfigurement category, there is no need to consider the sufficiency of Allen's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court